AUGUSTA TIEDKE v. THE CITY OF SAGINAW.

*Separate offenses not chargeable in the same warrant.*

Separate and distinct offenses, committed on different days, cannot be alleged in the same complaint and warrant. They may be charged in different counts of an information, but the prosecutor must elect on which count he will proceed.

Certiorari to the Recorder's Court of the City of Saginaw. Submitted January 22. Decided February 11.

*Albert Trask* for plaintiff in certiorari.

*William A. Clark* for defendant in certiorari, as to the joinder of distinct offenses, cited Arch. Cr. Pl. 158; 1 Chitty Pl. 201; 1 Chitty Cr. L. 253; Rosc. Cr. Ev. 232; *People v. McKinney* 10 Mich. 95; if an election between counts is not required, the decision is final, *Final v. Backus* 18 Mich. 223; *Detroit v. Jackson* 1 Doug. (Mich.) 110.

MARSTON, C. J. The plaintiff in certiorari was arrested, tried and found guilty of disorderly conduct in violation of an ordinance of the city.

The case as presented on behalf of the city seems to have been one of those convenient prosecutions which for certain purposes are deemed civil, for others criminal, and where necessary partake of the character of both.

Two separate and entirely distinct offenses, committed on separate days, were alleged in the same complaint and warrant. This was erroneous.

Separate and distinct offenses may be charged in different counts, and the prosecution may be called upon to elect upon which count he will proceed. If separate offenses could be charged in the same count, so soon as the prosecutor should introduce evidence tending to sustain either one, he would be bound thereby, and could not introduce evidence to support the other.

The course pursued in this case would prove exceedingly embarrassing on the trial. ·Upon the trial of either offense standing alone, the accused· could prepare for trial, and the court or the jury might acquit, or be unable to agree upon a conviction; while if two or more distinct offenses are charged in the, same count, the accused would have no means of knowing upon which charge the prosecutor would rely, and the jury might agree upon a verdict of guilty, while unable to agree upon any one of the charges. Other difficulties might be referred to if necessary. *People v. Jenness* 5 Mich. 327; *People v. McKinney* 10 Mich. 94; *Hamilton v. People* 29 Mich. 178.

The judgment of the Recorder must be reversed and held for naught.

The other Justices concurred.