THE PEOPLE v. FRED A. ROHRER.

*Criminal law—Liquor traffic—Information—Election of counts.*

A respondent informed against in one count for keeping his saloon
    open on Sunday, and in a second count for keeping the win-
    dows of his saloon curtained during the same day, is entitled
    to an election of counts.

Error to St. Joseph. (Loveridge, J.) Argued February
2, 1894. Decided April 17, 1894.

Respondent was convicted of keeping his saloon open on
Sunday. Judgment reversed. The facts are stated in the
opinion.

*Howell, Carr & Barnard,* for respondent.

*A. A. Ellis,* Attorney General, and *D. L. Akey,* Pros-
ecuting Attorney, for the people.

HOOKER, J. The respondent appeals from a conviction
of keeping his saloon open on Sunday. Joined with this
charge, in another count, was a charge of keeping his
windows curtained during the same day. Evidence was
admitted tending to prove both charges; and the jury
acquitted him of the latter, and convicted him of the
former, charge.

The doctrine is well settled in this State that a person
should not be subjected to trial for two separate and dis-
tinct offenses at one time. This rule is applied to cases
of felony in most, if not all, of the states, and has been
applied to misdemeanors in Michigan. *People v. Jenness,*
5 Mich. 305; *Tiedke v. Saginaw,* 43 Id. 64; *People v.
Aikin,* 66 Id. 460; *People v. Jackman,* 96 Id. 269, 274.

There is considerable confusion upon the subject of

election of counts, though not in Michigan, where it is well settled that an election must be made, in cases of felony. See cases cited above. And the same has been held in case of a prosecution under a city ordinance. See *Tiedke v. Saginaw*, 43 Mich. 64. The counts in the information in the present case charged distinct and separate offenses, and counsel for the respondent were entitled to an election.

It is unnecessary to discuss the other questions in the case.

Judgment is reversed, and a new trial granted.

The other Justices concurred.