PEOPLE *v.* SHULER.

1. INTOXICATING LIQUORS—LOCAL OPTION LAW—CONSTITUTIONALITY—AMENDMENT OF STATUTE—PUBLICATION.

Act No. 183, Pub. Acts 1899, which purports to repeal section 7 of the local option law, to amend various other sections thereof, and to add a new section, and which re-enacts and publishes at length the new and amended sections, but not those not amended, is not, because of such omission, repugnant to section 25, art. 4, of the Constitution, providing that no law shall be revised, altered, or amended by reference to its title only, but the act revised, and the sections altered or amended, shall be re-enacted and published at length.

136 MICH.—11.

2. SAME—DRUGGISTS—REPORTS—DISCRIMINATION.

   The provision of the local option law (section 25, Act No. 183, Pub. Acts 1899), requiring druggists in counties where it is in force to make weekly reports to the prosecuting attorney of sales of liquor, is not unconstitutional for discrimination against such druggists as compared with those doing business in other counties.

3. SAME—WITNESSES—SELF-INCRIMINATION.

   Nor is such provision obnoxious to section 32, art. 6, of the Constitution, providing that no person shall be compelled, in any criminal case, to be a witness against himself. *People* v. *Henwood*, 123 Mich. 317, followed.[1]

4. CRIMINAL LAW—PRELIMINARY EXAMINATION—SEPARATE OFFENSES.

   The rule that one should not be subjected to trial for two separate and distinct offenses at one time *would seem* to have no application to preliminary examinations before a justice.

5. SAME—VIOLATION OF LOCAL OPTION LAW—ELECTION OF COUNTS.

   In any event, where, in a prosecution for a violation of the local option law, the people were required to elect between counts charging a specific illegal sale of liquor and the keeping of a place for such sale, respectively, respondent was not prejudiced by the fact that he was examined before the justice and held for trial on both charges.

6. SAME—SUFFICIENCY OF INFORMATION—NEGATIVING EXCEPTIONS.

   An information for a violation of the local option law need not negative the exceptions contained in the proviso to section 15 (Act No. 183, Pub. Acts 1899), relative to sales of wine for sacramental purposes, of alcohol for medicinal, scientific, etc., purposes, and of wine and cider made from home-grown fruit.[2]

7. CRIMINAL LAW—TRIAL—INSTRUCTIONS.

   The action of the court in complying with the request of the jury in a criminal case, made after they had retired, for information as to certain testimony which had been produced before them, was within his discretion, and not ground for reversal.

8. SAME—INTOXICATING LIQUORS—UNLAWFUL SALES BY DRUGGIST.

   Under 2 Comp. Laws, § 5381, making it unlawful for druggists to sell liquor to be drunk on the premises, the purpose of the sale may be proved by what was said or done before or at the time of the sale; and an instruction that a druggist would

[1] See, also, *People* v. *Robinson*, 135 Mich. 511 (98 N. W. 12).

[2] See, also, *People* v. *Rall*, 135 Mich. 510 (98 N. W. 3).

not be guilty if nothing was said or done " after " the pur-
chase to indicate the buyer's intention to drink the liquor on
the premises was properly refused.

9. SAME—BURDEN OF PROOF.

An instruction that a druggist has no right to rely on the state-
ment of a purchaser of liquor as to the purpose for which it is
desired, without acting in perfect good faith in view of all the
circumstances, is not open to the objection that it places on
respondent the burden of showing good faith, when considered
with other portions of the charge fully and fairly stating the
law with reference to reasonable doubt and the presumption
of innocence.[1]

Exceptions before judgment from Eaton; Smith, J.
Submitted February 26, 1904. (Docket No. 200.) De-
cided March 23, 1904.

Oliver P. Shuler, Sr., was convicted of violating the
local option law. Affirmed.

*Lyman H. McCall* and *Frank A. Dean*, for appellant.

*Lewis J. Dann*, Prosecuting Attorney, for the people.

CARPENTER, J. Respondent, a druggist in the city of
Charlotte, was convicted in the court below under an in-
formation charging him with keeping a place where in-
toxicating liquors were sold, in violation of the local option
law in force in Eaton county; the same being Act No.
183 of the Public Acts of 1899. We are asked to set aside
the conviction for several reasons.

1. It is contended that Act No. 183 is unconstitutional,
for several reasons:

(*a*) That it is unconstitutional because it violates section
25 of article 4 of the Constitution of Michigan. This
section reads:

" No law shall be revised, altered, or amended by refer-
ence to its title only; but the act revised, and the section
or sections of the act altered or amended, shall be re-
enacted and published at length."

---

[1] See, also, *People* v. *Robinson,* 135 Mich. 512 (98 N. W. 12).

Act No. 183 of the Public Acts of 1899 purports to re-
peal section 7 of Act No. 207 of the Public Acts of 1889,
to amend various sections of said act, and to add a new
section, viz., section 25. The amended sections and the
new section are re-enacted and published at length. It is
the contention of respondent that "the whole of the re-
vised act [that is, the sections not amended, as well as
those amended] should and must, under the Constitution,
above quoted, be re-enacted and published in full." We
think this contention is answered by *People* v. *Pritchard*,
21 Mich., at page 241, where it is said:

"It is a full compliance with the terms as well as the
purpose of that provision [viz., the constitutional provision
under consideration] if the section as amended is set forth
at length, with such reference to the old law as will show
for what the new law is substituted."

See, also, *People* v. *Judge of Superior Court of Grand
Rapids*, 39 Mich. 195; *Gordon* v. *People*, 44 Mich. 485 (7
N. W. 69); and *People* v. *Mahaney*, 13 Mich., at page
496, where it is said:

"If, whenever a new statute is passed, it is necessary
that all prior statutes modified by it by implication should
be re-enacted and published at length as modified, then a
large portion of the whole code of laws of the State would
require to be republished at every session, and parts of it
several times over, until, from mere immensity of material,
it would be impossible to tell what the law was. If, be-
cause an act establishing a police government modifies the
powers and duties of sheriffs, constables, water and sewer
commissioners, marshals, mayors, and justices, and im-
poses new duties upon the executive and the citizen, it has
thereby become necessary to re-enact and republish the
various laws relating to them all as now modified, we
shall find, before the act is completed, that it not only
embraces a large portion of the general laws of the State,
but also that it has become obnoxious to the other pro-
visions referred to, because embracing a large number of
objects, only one of which can be covered by its title."

The case of *Mok* v. *Savings Ass'n*, 30 Mich. 511, relied
upon by defendant, is so obviously different from the case
at bar that it has no application.

(*b*) It is contended that the statute is unconstitutional because it discriminates against druggists doing business in a local option county, like Eaton, as compared with druggists in the counties in which that law is not in force.    It seems to us that that contention is answered by the decision of this court holding our local option act constitutional. See *Feek* v. *Bloomingdale Township Board,* 82 Mich. 393 (47 N. W. 37, 10 L. R. A. 69).    It followed from that decision that, in the judgment of this court, discrimination of this character was lawful, and this decision is in harmony with the decisions of the Supreme Court of the United States.    *Missouri* v. *Lewis,* 101 U. S. 22; *Chappell Chemical & Fertilizer Co.* v. *Sulphur Mines Co.,* 172 U. S. 474 (19 Sup. Ct. 268); *Magoun* v. *Savings Bank,* 170 U. S. 283 (18 Sup. Ct. 594).

(*c*) This statute requires the druggist, each week, to make a report to the prosecuting attorney, stating the details of sales of liquor made by him during the preceding week.    It is contended that this, in effect, compels the defendant to be a witness against himself, and therefore violates section 32, art. 6, of our State Constitution.    This contention is answered by *People* v. *Henwood,* 123 Mich. 317 (82 N. W. 70), with the reasoning of which we are fully satisfied.

2.  The warrant charged two separate and distinct crimes of the same degree, viz., that of making a specific illegal sale of liquor, and that of keeping a place for the illegal sale of liquor.    Respondent was examined on both these charges, and the justice bound him over on both, and declined to compel the prosecution to elect upon which charge it should proceed.    Subsequently respondent moved to quash the information on the ground that he had not had the preliminary examination to which he was entitled. It is contended that he did not have this examination because he was examined before and bound over by the justice on two charges, instead of on the one upon which he was convicted.    In support of this contention, defendant says that he was entitled to know upon what charge he

was being held to the circuit. See *Yaner* v. *People*, 34 Mich. 286. This principle and authority manifestly have no application. Respondent did know upon what charge he was held to the circuit court.

It is well settled (see *People* v. *Rohrer*, 100 Mich. 126 [58 N. W. 661]; *Tiedke* v. *City of Saginaw*, 43 Mich. 64 [4 N. W. 627]; *People* v. *Jackman*, 96 Mich., at page 275 [55 N. W. 809]) that one should not be subjected to trial for two separate and distinct offenses at one time. The reason for this rule is stated to be, "The jury might agree upon a verdict of guilty, while unable to agree upon any one of the charges." *Tiedke* v. *City of Saginaw* and *People* v. *Jackman, supra.* So far as we are informed, this rule has never been applied to preliminary examinations before a justice, and the reason for the rule, as stated above, would not make it applicable there. Moreover, the two charges against respondent were not separate and distinct charges. Under 2 Comp. Laws, § 5429, the specific illegal sale was presumptive evidence that respondent kept a place where liquors were sold.[1] The examination before the justice, then, on these two charges, took no wider range than it would have taken had respondent been charged only with keeping a place where intoxicating liquors were sold in violation of law. He cannot complain, therefore, that he did not have, on this charge, the examination to which he was entitled. His rights were fully protected when the circuit judge compelled the prosecuting attorney to elect on which count the trial should proceed.

3. It is contended that the information was defective in not negativing section 15 of Act No. 183 of the Public Acts of 1899, which provides as follows:

"Nothing in this act shall be so construed as to prohibit the sale of wine for sacramental purposes, nor shall anything herein contained prohibit druggists or registered pharmacists from selling or furnishing pure alcohol for

---

[1] But see *People* v. *Remus*, 135 Mich. 630 (98 N. W. 397, 100 N. W. 403).

medicinal, art, scientific, and mechanical purposes, nor prohibit the sale of wine or cider from home-grown fruit in quantities of not less than five gallons."

We think this contention not well founded.

" In declaring on a statute, where there is an exception in the enacting clause, the pleader must negative the exception; but where there is no exception in the enacting clause, but an exemption in a proviso to the enacting clause, or in a subsequent section of the act, it is matter of defense, and must be shown by the defendant." *Myers* v. *Carr,* 12 Mich., at page 71.

See, also, *People* v. *Phippin,* 70 Mich., at page 11 (37 N. W. 888); *People* v. *Pendleton,* 79 Mich., at page 320 (44 N. W. 615).

4. After the jury had retired to consider their verdict, they wished information as to certain testimony which had been produced before them, and the court complied with their request. We think this was a matter within the discretion of the court, and that it was not reversible error.

5. Complaint is made because the trial court did not charge the jury, as requested by respondent, as follows:

" There is some evidence in the case that the witness who acted in the capacity of alleged detective, after he purchased the beer on the 30th of August, if any such beer was purchased, took the same to the back door of the drug store, and drank a portion of it, and poured the balance on the ground. Now, I charge you that if nothing was said or done after the purchase of the beer which was purchased by them, if at all, to indicate that it was their intention to take such beer into the back yard, and there drink it, then the respondent would not be guilty of the sale of such beer to be drank on the premises, because it is only where a sale is made with knowledge on the part of the seller that the same is to be drank upon the premises that the seller can be convicted."

This request was properly refused. If respondent sold beer to be drank upon the premises, such sale was illegal, under section 5381 of the Compiled Laws. Yet, under the language of this request, this purpose of respondent

could be proved only by something that was said or done after the purchase. Obviously this is wrong. The purpose might be proved by what was said or done before or at the time of the sale.

6. In charging the jury, the court said:

" If the druggist acts in good faith in making the sale, he has a right to rely upon the statement made by the purchaser as to the purpose to which the liquor is to be applied, and he has a right to rely upon such statement explicitly, unless circumstances or facts known to the druggist show such statement to be false, and are sufficient to satisfy him, acting in good faith, and in an honest endeavor to obey the law, that the purpose is not such as is stated by the purchaser. The law does not require him to enter into an extended investigation, nor to refuse to sell to a stranger without investigation and proof of the truth of the assertion of the purpose by the purchaser; but no druggist in Eaton county has a legal right to sell intoxicating liquors to any person claiming to purchase such liquor of the druggist for any purpose for which he is permitted to sell under the law, relying upon the statement of the purchaser as to the purpose for which such purchase is made, without acting in perfect good faith in view of all the surrounding circumstances of such sale, and with an honest purpose and endeavor to obey the law."

We are not called upon to consider the precise accuracy of this statement. We are called upon to determine the justice of defendant's complaint. That complaint is that the latter clause of this charge improperly placed upon respondent the burden of proof; that it informed the jury " that the defendant had to establish his perfect good faith, etc., when, as a matter of law, the people were required to establish the defendant's bad faith." We do not think this complaint well founded. That thought is not conveyed by the language. In passing upon this question, it is to be presumed that the jury would bear in mind the charge of the court that " the respondent is presumed to be innocent until the contrary is proved, and this presumption follows and surrounds him throughout the entire trial, and applies to every element of the offense

which is necessary to sustain a conviction, until such presumption is removed by proof on the part of the people;" and, "whenever a man is charged with crime, the law requires the people to satisfy you beyond a reasonable doubt that he is guilty of the crime charged, before he can be convicted."

In our judgment, the record discloses no reversible error, and the conviction will be affirmed.

MOORE, C. J., MONTGOMERY 'and HOOKER, JJ., concurred. GRANT, J., took no part in the decision.