CHASE *v.* VAN BUREN CIRCUIT JUDGE.

1. INTOXICATING LIQUORS — DRUGGISTS — LOCAL OPTION LAW — VIOLATION—INFORMATION—JOINDER OF OFFENSES.

   ·An information against a druggist charging in one count that he sold liquor and did not record the sale in a blankbook and did not report the sale to the prosecuting attorney, the venue being laid in a county in which the local option law is in force, charges two offenses, one under section 5381, 2 Comp. Laws, and one under section 25, Act No. 183, Pub. Acts 1899, and is bad for that reason.

2. INDICTMENT AND INFORMATION—DUPLICITY—QUASHING INFORMATION—DISCRETION OF COURT.

   Where an information is bad as charging two offenses in one count it is discretionary with the circuit court to quash it instead of compelling the prosecuting attorney to elect upon which of the offenses the trial should proceed.

Mandamus by Russell M. Chase, prosecuting attorney, to compel L. Burgett Des Voignes, circuit judge of Van Buren county, to vacate an order quashing an information. Submitted December 4, 1906. (Calendar No. 21,981.) Writ denied April 30, 1907.

*Russell M. Chase*, in pro. per.

*Thomas J. Cavanaugh* and *Andrew Donovan*, for respondent.

Per Curiam. Respondent made an order quashing an information filed by relator in the case of *People* v. *Charles L. Carey* upon the ground that that information which contained but one count charged two separate and distinct offenses. Relator by these proceedings seeks a mandamus compelling respondent to vacate said order.

Said information charges that said Carey, a druggist in the county of Van Buren, sold two quarts of beer to one Carl Hardenberg, and that neither he nor any employé of his made any record or report " in any blankbook of the name of the said Carl Hardenberg, nor of the date of said sale, nor of the amount or kind of liquor so sold;" and also that he did not, on the following Monday, as required by section 25, Act No. 183 of the Public Acts of 1899, make and swear to a report of said sale and deliver or mail the same to the prosecuting attorney of said county. We think respondent decided correctly that here were charged two separate and distinct offenses. The failure to record the sale in a blankbook is made an offense by section 5381 of the Compiled Laws of 1897, and the failure to make and send the report to the prosecuting attorney on the Monday of the following week is made another offense by section 25, Act. No. 183 of the Public Acts of 1899. This act is the so-called " Local Option Act," and is in force in Van Buren county. It follows that respondent should not have been tried upon the information as it stood, because " the jury might agree upon a verdict of guilty while unable to agree upon any one of the charges." *Tiedke* v. *City of Saginaw*, 43 Mich. 64. See, also, *People* v. *Keefer*, 97 Mich. 15; *People* v. *Jackman*, 96 Mich. 275; *People* v. *Rohrer*, 100 Mich. 126.

Relator contends that respondent instead of quashing the information should have compelled relator to elect upon

which of these offenses the trial should proceed. While we do not say that respondent may not properly have taken that course, we do say he was not bound to take it. He had at least the discretionary right to quash said information, and there was no abuse of that discretion.

Mandamus is denied.