PEOPLE *v.* CZCKAY.

1. INTOXICATING LIQUORS—SEARCH WARRANT—JURISDICTION.
    In a prosecution for violating the liquor law, where the affidavit upon which the search warrant was issued contained positive averment of facts justifying the issuance of the writ, the jurisdiction of the magistrate to issue it was not lost by proof *aliunde* that the facts therein positively stated were in reality upon information and belief.

2. SAME—CRIMINAL LAW—INFORMATION — WHERE TWO DISTINCT OFFENSES CHARGED ELECTION REQUIRED.
    Where the information charged, in the first count, that defendant, on the 26th day of July, 1921, unlawfully had in his possession prohibited liquors, "to wit, two gallons of moonshine whisky so-called," and in the second count, that defendant on the same date sold to a certain person "one pint of moonshine whisky so-called," but the proofs showed that the sale alleged was made on July 24, 1921, the trial court was in error in not requiring the prose-

cutor to elect on which count he would go to the jury, since the proofs showed two separate and distinct offenses, requiring different proof.

Exceptions before judgment from Jackson; Parkinson (James A.), J.    Submitted April 14, 1922. (Docket No. 121.)    Decided June 5, 1922.

Joseph Czckay and another were convicted of violating the liquor law.    Reversed.

*John F. Henigan,* for appellants.

*M. Grove Hatch,* Prosecuting Attorney, and *Arthur W. Wiggins,* Assistant Prosecuting Attorney, for the people.

FELLOWS, C. J.    The information in this case contains three counts.    The first count charges that on the 26th day of July, 1921, defendant unlawfully had in his possession prohibited liquors "to-wit: two gallons of moonshine whisky so-called."    The second count charges defendant with selling to one Walter Cooper on July 26, 1921, "one pint of moonshine whisky so-called."    The third count charges the defendant with keeping a place where the prohibited liquors "were manufactured, sold, stored for sale, given away and furnished," on the 26th day of July and for some time prior thereto.    Upon the trial the proofs disclosed that on July 26, 1921, the officers, armed with a search warrant, searched defendant's place and found a quantity of moonshine whisky which was seized; upon a chemical analysis it disclosed a high alcoholic content; it was offered and received in evidence.    The proof also disclosed that the sale to Walter Cooper was on the 24th day of July, 1921. Defendant's counsel properly saved the right to question the validity of the search and seizure, and that is the first question raised in the brief.

662 218 MICHIGAN REPORTS. [June

The affidavit upon which the search warrant was issued contained positive averment of facts justifying the issuance of the writ; it also contained statements as to the sale to Cooper which while tending to establish such sale showed the sale was not made in affiant's presence, and upon the trial the officer who made the affidavit testified that the facts positively stated by him in the affidavit were "upon information and belief." Defendant's counsel therefore insists that the police judge who issued the search warrant did not acquire jurisdiction to issue it. In this contention counsel is in error. The affidavit gave the police judge jurisdiction to issue the writ. This jurisdiction was not lost by proof *aliunde* that the facts therein positively stated were in reality stated upon information and belief. This is settled by numerous decisions of this court. Among them see *People* v. *Lynch*, 29 Mich. 274; *People* v. *Hare*, 57 Mich. 505; *People* v. *Schottey*, 66 Mich. 708; *People* v. *Haas*, 79 Mich. 449; *Potter* v. *Barry Circuit Judge*, 156 Mich. 183.

After the proofs were closed defendant's counsel insisted that the prosecuting attorney be required to elect upon which count of the information the case should go to the jury. The trial judge was apparently quite impressed with the contention of defendant's counsel but upon the insistence of the prosecuting attorney and with some misgivings submitted the case to the jury on all three counts. In this there was error. This case does not belong to that class of cases in which although there are different counts they are all sustained by the same testimony, were committed by the same acts at the same time, of which class of cases *People* v. *Grabiec*, 210 Mich. 559, is illustrative. In that case the information charged transportation and possession of liquor. Manifestly if defendant in that case was transporting liquor he had it in his possession, and the same testimony of the same act

at the same time established the charge under each count. But it must be equally manifest that evidence of a sale of a pint of liquor to Cooper on the 24th was not evidence that defendant had two gallons of liquor in his possession on the 26th; nor was evidence that defendant had two gallons of liquor in his possession on the 26th evidence that he sold Cooper a pint on the 24th. They were two separate and distinct acts, each constituting a separate and distinct violation of the law. In *Tiedke* v. *City of Saginaw*, 43 Mich. 64, it was held:

"Separate and distinct offenses, committed on different days, cannot be alleged in the same complaint and warrant. They may be charged in different counts of an information, but the prosecutor must elect on which count he will proceed."

In the case of *People* v. *Rohrer*, 100 Mich. 126, there were two counts in the information, one charging that the defendant kept his saloon open on Sunday, the other charging him with keeping the windows of his saloon curtained on the same day; each of these offenses required different proof and proof of one was not proof of the other. This court there held that defendant's counsel was entitled to an election as to the count upon which the case should go to the jury and reversed the case for the refusal of the trial judge to require such election. This case has been cited with approval in *People* v. *Shuler*, 136 Mich. 161; *Chase* v. *Van Buren Circuit Judge*, 148 Mich. 149; *People* v. *Smith*, 177 Mich. 358. See, also, *People* v. *Jenness*, 5 Mich. 305; *People* v. *Keefer*, 97 Mich. 15; *People* v. *Hamilton*, 101 Mich. 87.

For this error the conviction must be reversed and a new trial ordered.

WIEST, MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.