## PEOPLE *v.* CHRISTIANSEN.

1. SEARCHES AND SEIZURES—PROSPECTIVE CUSTOMER FOR ILLEGAL LIQUOR WITHOUT SEARCH WARRANT.

    That an investigator went to defendant's room as a prospective customer for an illicit purchase of prohibited liquor without a search warrant, was no invasion of defendant's constitutional rights, where no search was made.

2. SAME—SEARCH WARRANT—AFFIDAVIT—SUFFICIENCY.

    Where an affidavit stated positive facts sufficient to confer jurisdiction on the justice to issue a search warrant, such jurisdiction was not lost by proof *aliunde* that the facts therein stated were in reality stated upon information and belief.

3. CRIMINAL LAW—INTOXICATING LIQUOR—ILLEGAL SALE—INDUCEMENT TO COMMIT CRIME.

    Where an investigator, who was a stranger to defendant, went to his room, and, without difficulty, purchased liquor, there was no such illegal inducement to commit a crime as to warrant defendant's discharge on the charge of illegal possession of liquor.

4. SAME—EVIDENCE OF OTHER OFFENSES.

In a prosecution for illegal possession of intoxicating liquor, the admission of testimony by affiant in the affidavit for search warrant of an illegal sale of liquor to him, offered for the purpose of establishing as a fact that the affidavit was based on personal knowledge rather than on information and belief, as charged by defendant's counsel, was not reversible error as a violation of the rule against admission of evidence of other offenses, where the court eliminated from the consideration of the jury everything but the one charge.

5. SAME—TRIAL—CONDUCT OF COUNSEL—INSTRUCTIONS.

An unjustified attack by defendant's counsel upon officers who had only done their duty was unwarranted, and it was not error for the trial court to so state to the jury.

Exceptions before judgment from Muskegon; Vanderwerp (John), J. Submitted October 12, 1922. (Docket No. 143.) Decided November 2, 1922.

Peter Christiansen was convicted of violating the liquor law. Affirmed.

*Willard J. Turner*, for appellant.

*Merlin Wiley*, Attorney General, *Harry W. Jackson*, Prosecuting Attorney, and *R. Glen Dunn*, Assistant Prosecuting Attorney, for the people.

FELLOWS, C. J. Defendant was convicted in the Muskegon circuit court of having in his possession prohibited liquor in violation of Act No. 338, Pub. Acts 1917, and reviews the case on exceptions before sentence. The officers, armed with a search warrant, searched defendant's room and there found some moonshine whisky. The search warrant was based on the affidavit of Mr. Yarranton, an investigator employed by the county, who had purchased of defendant a pint of liquor at his room. Nearly all of the questions here involved have been considered and settled by de-

cisions of this court handed down since the briefs in this case were written.

It is insisted that Mr. Yarranton, the investigator, did not have a search warrant when he went to defendant's premises and purchased the liquor of him, and that this fact was an invasion of defendant's constitutional rights and invalidated the subsequent proceedings. But Mr. Yarranton did not visit defendant's place to search it; he went there as a customer. He did not search for liquor, he bought it. We know of no rule of law which requires that a prospective customer of a bootlegger shall be armed with a search warrant before he opens negotiations for an illicit purchase of prohibited liquors.

As stated, the search warrant was based on the affidavit of Mr. Yarranton. He swears positively in the affidavit to facts sufficient to confer jurisdiction on the justice to issue the writ. He swears that he purchased the liquor of defendant at the premises searched. In the recent case of *People* v. *Czckay*, 218 Mich. 660, we held:

"The affidavit gave the police justice jurisdiction to issue the writ. This jurisdiction was not lost by proof *aliunde* that the facts therein positively stated were in reality stated upon information and belief. This is settled by numerous decisions of this court (citing numerous cases)."

The affidavit conferred jurisdiction on the justice to issue the search warrant; the warrant was fair on its face, there was no error in refusing to suppress the evidence obtained in its execution.

It is next insisted that defendant was induced by the investigator to make the illegal sale and therefore he should not be convicted. The record discloses that the investigator was a stranger to the defendant, that he went to defendant's place and purchased the liquor without difficulty, that defendant was not tried for

making such sale, but was tried and convicted for having liquor in his possession at the time the search warrant was executed. In the recent case of *People v. McIntyre*, 218 Mich. 540, we fully considered a somewhat similar defense. We need only cite that case to demonstrate that this defense was not available to defendant.

The court permitted evidence of the sale to Mr. Yarranton and it is insisted that this was evidence of another offense and therefore not admissible. It is a general rule to which there are exceptions not here involved and not necessary for consideration, that proof of other offenses may not be received in criminal prosecutions, but we do not think upon this record defendant is in position to invoke the rule. In justice's court, before the jury was selected, and after they were sworn, defendant attacked the proceedings under the search warrant; and notwithstanding the affidavit on which it was based and which on its face purported to be on personal knowledge, defendant's counsel insisted that it was based on information and belief. We quote from his objection:

"I desire to move the court to suppress the evidence said to be obtained in this case by virtue of a pretended search warrant, issued upon the affidavit of one Albert Yarranton, upon the ground that the obtaining of that search warrant upon said affidavit was upon information and belief, and in violation of a constitutional provision of this State, which provides that a warrant providing either for the seizure of a person or the search of premises shall be upon oath or affirmation." * * *

*People v. Czckay, supra,* had not been handed down at the time the trial in this case was held. In view of this objection of defendant's counsel, the prosecuting attorney might well have felt that he was called upon to establish that the affidavit was not based on information and belief but was based upon actual

knowledge. Before introducing his proof of the main charge he called Mr. Yarranton to the stand and proved the facts within his knowledge, as above related, and thus established as a fact that the affidavit was based on personal knowledge. The trial judge very carefully eliminated from the consideration of the jury everything but the one charge. Under these circumstances the defendant cannot claim there was reversible error in the introduction of this testimony.

Defendant's counsel in his argument to the jury assailed the officers who were witnesses in the case. There is nothing in the record justifying such an attack. While it is within the province of counsel to criticize the testimony of witnesses when there is any reasonable ground for such criticism, an unjustified attack upon officers who have only done their duty is unwarranted and it is not error for the court to so state to the jury. We find nothing in the charge of the court on this subject which it was improper for the court to give. The charge brought to the attention of the jury the fact that they were to dispose of the case on the evidence and not upon unwarranted attacks on the public officials.

There being no reversible error on this record, the conviction will be affirmed and the case remanded for judgment.

WIEST, McDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.