---

PEOPLE *v.* HERTZ.

1. SEARCHES AND SEIZURES—AFFIDAVIT MUST STATE FACTS.
   An affidavit upon which a search warrant is issued must state facts as distinguished from conclusions.

2. INTOXICATING LIQUORS—SEARCH WARRANT FOR PRIVATE DWELLING.
   Under Act No. 336, Pub. Acts 1921, no valid search warrant may issue to search a purely private dwelling unless it is made to appear that it is a place of public resort, that it is used for the unlawful manufacture of intoxicating liquors, or that it is used for the unlawful sale of intoxicating liquors.

3. SAME—AFFIDAVITS—SUFFICIENCY.
   An affidavit for the issuance of a search warrant for a private residence which merely stated that affiant was given some home brew by defendant, and that he had moonshine at defendant's home without alleging that defendant manufactured or sold either commodity at his

For authorities discussing the question of constitutional guaranties against unreasonable search and seizure as applied to search for or seizure of intoxicating liquor, see notes in 3 A. L. R. 1514; 13 A. L. R. 1316.

home, or that his home was used as a place of public resort, was insufficient.

Exceptions before judgment from Ottawa; Cross (Orien S.), J. Submitted April 13, 1923. (Docket No. 111.) Decided June 4, 1923.

George Hertz was convicted of violating the liquor law. Reversed, and defendant discharged.

*Robinson & Den Herder,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *Fred T. Miles,* Prosecuting Attorney, for the people.

FELLOWS, J. Defendant was convicted of violating the prohibition law and here reviews such conviction on exceptions before sentence. The only testimony offered was that obtained on a search warrant and the sole question here presented is the validity of such warrant. That the affidavit upon which the search warrant is issued must state "facts" as distinguished from "conclusions" is settled by *People* v. *Eff.elberg,* 220 Mich. 528. In the instant case the form of affidavit found in the *Effelberg Case* was used. It was alleged that the premises of defendant were occupied as a private residence and the allegation of facts is as follows:

* * * "and that the grounds of his said belief are as follows: At said home on the 3d day of June, 1922, he had a quantity of home brew beer in his (Hertz') cellar or basement given him by said Hertz at which time Hertz stated he had had a quantity of moonshine there; deponent was there given 2 bottles; on May 30th, 1922, said Hertz brought from his said home and gave deponent 3 bottles of such beer—before that deponent had had moonshine whisky of him."

It will be noted that the affidavit affirmatively alleges that the premises are used for a private dwelling

and it is not alleged that it is a place of public resort, or that it is used for the unlawful manufacture or sale of intoxicating liquors.        Prior to the amendment of 1921 (Act No. 336, Pub. Acts 1921, § 30 [Comp. Laws Supp. 1922, § 7079 (30)]), a warrant to search a purely private dwelling might not issue unless it was used as a place of public resort.        Act No. 338, Pub. Acts 1917, § 31; Act No. 53, Pub. Acts 1919, § 30; *People* v. *Mayhew*, 214 Mich. 153.        By the act of 1921 it is provided:

"No warrant shall be issued to search a private dwelling occupied as such unless some part of it is used as a store or shop, hotel or boarding house, or for any other purpose than a private residence, or unless such private dwelling is a place of public resort, or unless it is being used for the unlawful manufacture or sale of intoxicating liquor."

Under this provision no valid warrant may issue to search a purely private dwelling unless one of three things is made to appear:        (1) that it is a place of public resort;        (2) that it is used for the unlawful manufacture of intoxicating liquors; or        (3) that it is used for the unlawful sale of intoxicating liquors. That the legislature deliberately intended to limit search of purely private dwelling houses to those dwellings which were used for one of these three purposes is apparent from an examination of the act of 1917, and its amendments.        Very frequently through the act and its amendments the following words are used together "manufacture," "sell or keep for sale," "give away," "barter" and "furnish."        As we have pointed out, the amendment of 1921 only added "manufacture" and "sale"; it omitted the other words commonly used together throughout the act.        But, be that as it may, these provisions are aimed to preserve the sanctity of the home which should not be frittered away by a loose construction of the statute.        Speaking

of them in the recent case of *People* v. *Musk*, 221 Mich. 578, it was said by this court:

"The proceeding is a drastic one and legislation for its enforcement should be strictly construed."

The most that can be gleaned from this affidavit is that defendant gave a neighbor some home brew beer and that he had had moonshine at defendant's home. It is not alleged that defendant manufactured or sold either commodity at his home or that his home was used as a place of public resort. Following the former holdings of this court it must be said that the search warrant was void.

The conviction will be vacated and the defendant discharged.

WIEST, C. J., and McDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.