PEOPLE *v.* STARKWEATHER.

1. INTOXICATING LIQUORS—PRIVATE DWELLING—SEARCH WARRANT
—AFFIDAVIT—SUFFICIENCY.

An affidavit for a search warrant which stated in positive
terms that the building to be searched was a "dwelling
house which is also used as a place of public resort and
also where whisky and intoxicating liquors are unlaw-
fully sold and kept and furnished and manufactured and
not as a private dwelling house occupied as such," was
sufficient.

2. SAME—FACTS STATED SUFFICIENT TO JUSTIFY ISSUING SEARCH
WARRANT.

The facts stated by affiant as a reason for his belief that
intoxicating liquor was concealed in said dwelling house,
that "On a day during the three days preceding the date
of this affidavit the affiant personally observed a person
whom he knows had no intoxicating liquor in his pos-
session enter said premises and house and immediately
return with liquor in his possession, the said liquor being
whisky, the said person being sent into said house by
affiant to purchase whisky," *held*, sufficient to justify the
determination of the justice that there was probable
cause.

Exceptions before judgment from Bay; Houghton
(Samuel G.), J.    Submitted June 15, 1923.    (Docket
No. 115.)    Decided July 19, 1923.

Ellsworth W. Starkweather was convicted of violat-
ing the liquor law.    Affirmed.

*C. A. Higgs*, for appellant.

*Frank C. Patterson*, Prosecuting Attorney, for the
people.

SHARPE, J.    Defendant reviews his conviction of

a violation of the prohibition law on exceptions before sentence. Possession of certain bottles and containers, containing intoxicating liquor, admitted in evidence, was secured under a search warrant issued on an affidavit made by George Belanger, a police officer of Bay City. The affidavit stated in positive terms that the building sought to be searched was a—

"dwelling house which is also used as a place of public resort and also where whisky and intoxicating liquors are unlawfully sold and kept and furnished and manufactured and not as a private dwelling house occupied as such."

This was sufficient. *People* v. *Hertz*, 223 Mich. 170. The reasons given by the affiant for his belief that intoxicating liquor was concealed in the dwelling house are thus stated:

"On a day during the three days preceding the date of this affidavit the affiant personally observed a person whom he knows had no intoxicating liquor in his possession enter said premises and house and immediately return with liquor in his possession, the said liquor being whisky, the said person being sent into said house by affiant to purchase whisky."

The facts stated were sufficient to justify the determination of the justice that there was probable cause. *People* v. *Warner*, 221 Mich. 657; *People* v. *Czckay*, 218 Mich. 660; *People* v. *Flemming*, 221 Mich. 609.

The information contained two counts, one for unlawfully having intoxicating liquor in possession and the other for unlawful manufacture. The jury were instructed that in order to convict they must find that the defendant "had in his possession intoxicating liquor, unlawfully." The charge as to manufacture was not submitted to them. The denial of a motion that the prosecutor elect between the two counts need

not therefore be considered.    We find no error in the denial of the motion for a new trial.

The conviction is affirmed.    The trial court will proceed to sentence.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.