PEOPLE *v.* WOODWARD.

1. INTOXICATING LIQUORS—SEARCHES AND SEIZURES — SEARCH OF PRIVATE DWELLING—SUFFICIENCY OF AFFIDAVIT.

An affidavit for the issuance of a search warrant which stated that the building to be searched was occupied as a residence and also used as a place of public resort where moonshine whisky is sold and stored for the purpose of sale contrary to the provisions of the statute, and that, on a certain date, deponent went to said premises and bought a pint of moonshine whisky, was sufficient to authorize its issuance.[1]

2. SAME—DESTRUCTION OF LIQUOR PRIMA FACIE EVIDENCE OF ITS INTOXICATING NATURE AND ILLEGAL POSSESSION—STATUTES.

In a prosecution for illegal possession of intoxicating

[1]Intoxicating Liquors, 33 C. J. § 371.
On sufficiency of warrant for search for intoxicating liquors, see notes in 3 A. L. R. 1518; 13 A. L. R. 1318.

liquors, evidence tending to show that defendant had poured moonshine whisky into the kitchen sink to prevent its seizure by the officers, *held*, sufficient to render applicable section 28 of Act No. 338, Pub. Acts 1917, as amended, providing that fluids poured out, etc., shall be held to be *prima facie* intoxicating liquor and unlawfully possessed.[2]

3. CRIMINAL LAW — REASONABLE DOUBT — INSTRUCTIONS — SUFFICIENCY.

  Objection that the trial court erred in failing to instruct the jury as to what constituted a reasonable doubt is without merit, where the court attempted to instruct the jury on all important phases of the case, including reasonable doubt, and defendant's counsel did not ask for further instructions on said question.[3]

Exceptions before judgment from Jackson; Parkinson (James A.), J.    Submitted January 15, 1925. (Docket No. 131.)    Decided April 3, 1925.

Frank Woodward was convicted of violating the liquor law.    Affirmed.

*John F. Berry* and *Charles W. Patch*, for appellant.

*John Simpson*, Prosecuting Attorney, and *Harry E. Barnard*, Assistant Prosecuting Attorney, for the people.

MOORE, J.    Defendant is convicted of unlawfully having intoxicating liquors in his possession, said offense being charged as a second offense, and is before this court on exceptions before sentence.

We quote from the brief of counsel:

"The denial of respondent's motion for a new trial, the denial of respondent's motion in arrest of judgment, both filed after the trial in said cause, and the denial of the motion to direct a verdict of not guilty in favor of respondent, made at the close of the people's case and again renewed at the conclusion of the testimony on the part of the defense, together with the

[2]Intoxicating Liquors, 33 C. J. § 479; [3]Criminal Law, 16 C. J. § 2501.

denial of respondent's motion to quash the information made following the hearing in the police court and again renewed and denied prior to the trial of said cause, are based upon and are the foundation for errors one to five inclusive, set forth in the assignments of error.

"Such assignments of error are all based upon the illegality of the search and seizure, and that the securing of the alleged evidence was in contravention of respondent's constitutional rights, and for such reason are here discussed under this general heading. * * *

"The affidavit was insufficient upon its face and failed to state facts showing probable cause so as to authorize the issuance of the search warrant;" citing *People* v. *Hertz,* 223 Mich. 170.

Omitting the formal parts of the affidavit we quote:

"Who being by me duly sworn, says that in a two-story small frame building * * * which said premises are occupied by one John Doe, as a place of residence, and used as a place of public resort, where moonshine whisky is sold; certain vinous malt, brewed, fermented, spirituous and intoxicating liquors, to-wit, moonshine whisky, is being kept, possessed and stored for the purpose of being sold, furnished or given away as a beverage contrary to the provisions of Act No. 338, Pub. Acts 1917, as amended. * * * And that there are also there certain implements and furniture used and kept for such illegal keeping, manufacturing, selling, furnishing, giving away and storing of such liquors, to-wit,..........and that the grounds of his said belief are as follows: That about 9:30 p. m. evening of August 20, 1924, I went to this place at the back door and asked for some moonshine whisky. A large man, whom I do not know, got me a pint of moonshine whisky and I paid him $1.50 for it. I couldn't see just where he got it from."

We think this affidavit authorized the issuance of the search warrant. See *People* v. *Czckay,* 218 Mich. 660; *People* v. *Vulje,* 223 Mich. 656.

It is claimed the court erred in his reference to section 28 of Act No. 338, Pub. Acts 1917, as amended

(Comp. Laws Supp. 1922, § 7079 [28]). The claim is there was no evidence that made the language of the section applicable to the instant case. This would be true if the only testimony was that of the defendant's witness Weber, but there was testimony to the effect that when the officers got into the kitchen they smelled the odor of moonshine whisky; that they found a pint can in the sink with the odor of moonshine whisky in it, and said pint can also had a small amount of moonshine whisky in it; also when the officers took the trap off the kitchen sink, the odor of moonshine whisky was in the trap, and also the liquid taken from the trap showed under analysis to contain moonshine whisky; that defendant was in the kitchen at the time the officers got in there; that he was also in the kitchen when he saw the uniformed officer outside the kitchen window; also that the only other person in the kitchen was Mr. Weber who was on his hands and knees at the time the officers got into the kitchen. This testimony justified the reference made by the judge to section 28.

It is claimed the court erred in failing to instruct the jury as to what constituted a reasonable doubt.

The trial judge began his charge by saying:

"At the outset in this case you give to the respondent the benefit of the presumption of innocence, and that presumption remains with and abides with him throughout the case until it is overcome by evidence establishing the fact of guilt beyond all reasonable doubt, and the burden of proving a charge made against a respondent who is placed upon trial in court rests upon and remains with the people throughout the case. And in order to convict the evidence should satisfy you of guilt beyond all reasonable doubt."

He closed the charge by saying:

"Of course if, as has been urged, there was no such liquor there on these premises at the time of the search and seizure or you are not satisfied beyond a reason-

able doubt such liquors were there, then you should not convict.     There must have been prohibited liquor there knowingly possessed by the respondent.     You should consider all the facts and circumstances you believe proven and reach a conclusion therefrom as to the question of guilt or innocence, and as to circumstances which you deem proven you are to draw the conclusions or inferences that you think reasonable and justly follow from them.     Your verdict in this case gentlemen will be 'Guilty' or 'Not Guilty.' "

Counsel did not ask the court to say anything more about a reasonable doubt.     See *People* v. *Waller*, 70 Mich. at p. 239.

The trial judge attempted to give the jury instructions that would cover all important phases of the case in his charge.     We discover no reversible error.

The case is remanded for further proceedings.

McDONALD, C. J., and CLARK, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.