PEOPLE *v.* WHELAN.

INTOXICATING LIQUORS—AFFIDAVITS—USE OF NAME RICHARD ROE
—SEARCHES AND SEIZURES.

  A search warrant, issued on an affidavit stating that, on
  a certain date, one Richard Roe visited the premises of
  defendant and purchased from him intoxicating liquors,
  is not void because the true name of such person was not
  given therein; said name, from time immemorial, having
  been used as equivalent to stating that true name of per-
  son is unknown. BIRD and WIEST, JJ., dissenting.

Exceptions before judgment from Muskegon; Van-
derwerp (John), J.     Submitted January 13, 1927.
(Docket No. 157.)     Decided June 24, 1927.

Barney Whelan was convicted of violating the liquor
law.    Affirmed.

*Wetmore & Bagley,* for appellant.

*William W. Potter,* Attorney General, *R. Glen Dunn,*
Prosecuting Attorney, and *Robert H. Dunn,* Assistant
Prosecuting Attorney, for the people.

BIRD, J. (*dissenting*).     Defendant was convicted
of having in his possession intoxicating liquor.     The
liquor was obtained by means of a search warrant.
The affidavit for the search warrant set forth the
grounds of belief, as follows:

"That on the 12th day of March, 1926, at 9 o'clock
p. m., this deponent was then and there in front of
the above described premises in the city of Muskegon
Heights, with one *Richard Roe;* that the deponent then
and there searched the said *Richard Roe,* and ascer-
tained that he had no intoxicating liquors or beverages
upon his person; that the said *Richard Roe* then and

Intoxicating Liquors, 33 C. J. § 371.

there entered the said dwelling house with two dollars given him by this deponent and returned in a few minutes with one pint of moonshine whisky, which he gave to this deponent, said moonshine being then and there intoxicating liquor and beverage."

Defendant at once, by motion to suppress, challenged the truth and sufficiency of the affidavit. Upon the hearing of the motion, the defendant called Sheriff Walker, the affiant, to the witness stand, and the following examination was had:

"*Q.* (To Mr. Walker): You say there (in the affidavit for search warrant) that on the 12th day of March, 1926, at 9:30 p. m. this deponent was then and there in front of the above described premises in the city of Muskegon Heights, with one Richard Roe, what is the true name of that man?

"*A.* I don't know. I mean to say I don't know who I had there. I don't know his name and don't know the man.

"*Q.* Just a straggler that you picked up?

"*A.* I didn't pick him up, he came to me, he came to Mr. Robert Dunn and Mr. Dunn sent him to me.

"*Q.* But that Richard Roe wasn't his name, was it?

"*A.* I don't know, he didn't tell me his name."

It is argued that the affidavit of the sheriff was insufficient because it did not truly state the name of the purchaser of the liquor, and because it appeared that Richard Roe was not the name of the man who purchased the liquor, and it nowhere appeared who the purchaser was.

When the truth of the affidavit is challenged, and it appears the one named in the complaint and warrant did not purchase the liquor as alleged, the duty is upon the people to show a real transaction and disclose the true name of the man who purchased the liquor. If this is not done, the motion to suppress should be granted. The defendant had the right to know who was swearing him into prison. Indeed, if this were

not the rule, a bogy man might be used to swear the most respected man in the community into prison, and he would have no redress.    The justice who issues the writ has a right to know, and it is his duty to know, who the informer is, whether he is a reputable man, and whether he is a man worthy of belief.    If he were without this information, he would be acting on the essential part of the affidavit on information and belief.    Again, defendant has a right to know who his informer is so that he can prosecute him for perjury if the information were false.    As the facts appear in this case, no such opportunity was afforded him.    The sheriff could not be proceeded against for perjury because what he testified to was not very material and might be true.    If the informer were crooked he could not be proceeded against for perjury because he has sworn to nothing.    The result is an innocent man might be railroaded to prison by the aid of a crook and no one be liable for perjury.    The better practice, when such a proceeding is to be followed, is to have the affidavit of the purchaser of the liquor accompany the affidavit of the sheriff.    If this rule be followed, it will increase the value of the showing and help to protect the rights of honest men.    The affidavit should state facts of the officer's own knowledge; and where knowledge is based on information, the affidavit of the informer should be secured; and where the informer refuses to affirm, he should be summoned before the judge or commissioner to testify as to truth of statements made to officer.    *Schencke v. United States,* 2 Fed. (2d) 185.

The observation of Mr. Justice Barrett, in *United States* v. *Kaplan,* 286 Fed. 963, is in point:

"Again, the facts convincing the commissioner or judge may have been proven only by depositions.    If the names of the deponents, as well as affiants, are not required to be set forth, there would not be incorporated in the judgment of the commissioner or judge

(the warrant) the names of the witnesses, or possibly any of them (if no affidavits were used), upon whose testimony he relied.     The difference between an affidavit and a deposition is purely formal.     Both must be sworn to, and both subscribed.     Both must be preserved as part of the record.     Espionage act, §§ 4 and 17.     This requirement creates a substantial right for the accused.     It is a declaration that he is entitled to know at once, by incorporation in the very instrument claimed to authorize the search and seizure, who have sworn against him.     It gives him a right to have formal record of what witnesses were the support of the judge or commissioner.

" 'If the facts afford the legal basis for the search warrant, the accused must take the consequences.     But equally there must be consequences for the accuser to face.     If the sworn accusation is based on fiction, the accuser must take the chances of punishment for perjury.'     *Veeder* v. *United States,* 252 Fed. 414, 164 C. C. A. 338.

"I am not unmindful that compliance with this requirement may deter or impair the usefulness of witnesses.     But I have no right to assume that congress was unmindful of such results."

For the failure of the people to show that a real man was the informer, and what his name was, the search warrant was irregular, and the motion to suppress the evidence obtained thereby should have been granted.

The judgment of conviction should be reversed, and the defendant discharged.

WIEST, J., concurred with BIRD, J.

FELLOWS, J.     Counsel for defendant have been very fair, both to the trial court and to this court. They frankly and properly concede that the conviction should be affirmed unless the affidavit upon which the search warrant was issued was defective. They insist, however, that the use of the name Richard Roe in the affidavit renders that instrument a nullity, the evidence showing that such was

not the true name of the man who accompanied the deputy sheriff to defendant's premises. . For ages the names John Doe and Richard Roe have been used in pleadings and other legal documents to designate persons whose true names were unknown. The testimony of the deputy sheriff who made the affidavit in question is to the effect that the true name of this person was unknown to him. Under these circumstances, in my judgment the affidavit was not defective because, instead of using the language, a person "whose true name is unknown" to deponent, it used a name which from time immemorial has been used as the equivalent of such language. Upon principle, I think the case falls within the ruling in *People* v. *Starkweather*, 224 Mich. 137. For this reason I am constrained to dissent from the opinion prepared by my Brother BIRD.

The conviction is affirmed.

SHARPE, C. J., and SNOW, STEERE, CLARK, and MCDONALD, JJ., concurred with FELLOWS, J.