STATE OF MAINE *vs.* GEORGE W. SINGER.

Lincoln.    Opinion March 22, 1906.

*Criminal Pleading.    Libel.    Indictment.    Disjunctive Charging.    Demurrable for Uncertainty.*

An indictment charging, in the disjunctive, that the defendant, "did wilfully and maliciously libel and defame one Nathaniel J. Hanna . . . . by printing and publishing, or causing to be printed and published, in a newspaper," a certain libellous and defamatory statement, is demurrable for uncertainty.

*State* v. *Barnes*, 32 Maine, 530, doubted and distinguished.

On exceptions by defendant.    Sustained.

The defendant was indicted for libel at the April term, 1905, of the Supreme Judicial Court, Lincoln County.    The indictment charged that the defendant "did willfuly and maliciously libel and defame one Nathiel J. Hanna of Bristol in said County of Lincoln, then a deputy sheriff within and for said County of Lincoln, specially charged with the enforcement of the prohibitory law within said County of Lincoln, and also a fish warden, specially charged with the enforcement of the laws relating to sea and shore fisheries, by printing and publishing, or causing to be printed and published, in

a newspaper called "The Damariscotta Herald," a newspaper printed and published in said Damariscotta and of which the said George W. Singer was then and there printer and publisher, with the intent then and there to provoke the said Nathaniel J. Hanna to wrath, expose him to public hatred, contempt and ridicule, and to deprive him in his said capacities of deputy sheriff and fish warden, of public confidence, "a certain libellous and defamatory statement. To this indictment the defendant filed a general demurrer. The presiding Justice before whom hearing on the demurrer was had, overruled the demurrer and adjudged the indictment good. Thereupon the defendant excepted and exceptions were allowed " with the right of the respondent to plead over."

The form of charging in the indictment was in the *disjunctive* and this is the only point considered by the Law Court.

The case appears in the opinion.

*Weston M. Hilton,* County Attorney, for the state.

*Wm. Henry Hilton,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, SPEAR, JJ.

SAVAGE, J. Demurrer to indictment for libel. It is claimed that the indictment is faulty in several particulars, only one of which do we have any occasion to notice.

The indictment charges that the defendant " did wilfully and maliciously libel and defame one Nathaniel J. Hanna . . . . by printing and publishing, *or* causing to be printed and published, in a newspaper " . . . . a certain libellous and defamatory statement. We think this form of charging, in the disjunctive, is fatal. "It is an established rule" says Bishop, following Chitty, " in respect to the statement of the offense in the indictment that it must not be stated in the disjunctive, so as to leave it uncertain what is really intended to be relied upon as the accusation." 1 Bishop on Criminal Procedure, 2nd. Ed. sect. 585; 1 Chitty on Criminal Procedure, 2nd. Ed. sect. 585; 1 Chitty on Criminal Law, 641. The

rule applies even in civil pleading. 13 Ency. Pl. & Pr. 45; 1 Chitty's Pleadings, 15th Am. Ed. 237.

This disjunctive charge violates the rule of certainty in criminal pleading. It is elemental knowledge that all essential matters must be alleged with such certainty that the defendant may be apprised of the precise nature of the charge against him, and this, that he may be able to prepare to meet the charge by pleading or proof, and that the final judgment may protect him against future charges for the same offense. To be charged with printing and publishing a libel is one thing and to defend against it, evidence of one kind may be required, while to meet the charge of having caused a libel to be printed and published may require evidence of another and entirely different character. The distinction goes to the essence of the charge. In *State* v. *Barnes*, 32 Maine, 530, the defendant was directly charged with the publication of a libel. The manner of the publication was laid in the disjunctive, that is, "by letter, circular or pamphlet." The court held, without discussion, that this description was not of the essence of the offense, but was only of the mode of publication which was unimportant. This seems to be contrary to the general run of authorities. But however that may be, we think that this rule should not be extended to a case where the alternative is not in what manner the defendant himself made the publication, but whether he did make publication himself, or caused or procured another to make it. The cases are not alike.

> *Exceptions sustained. Demurrer sustained. Indictment quashed.*