STATE *vs.* WILLIAM W. SATTERFIELD and JAMES JULIAN.

1. INDICTMENT AND INFORMATION—DUPLICITY.

Under *Rev. Code* 1915, § 3568, penalizing keeping or exhibiting gaming table, etc., a count of an indictment charging accused with abetting another to commit such offense and keeping a gaming table, and being interested in exhibiting it, is not duplicitous.

2. INDICTMENT AND INFORMATION—REJECTING SURPLUS WORDS.

Where *Rev. Code* 1915, § 3568, makes keeping a gaming table a misdemeanor, a count of an indictment charging accused with feloniously keeping such table, etc., the word "feloniously" may be rejected as surplusage.

3. INDICTMENT AND INFORMATION—SUFFICIENCY.

A count in an indictment charging accused with knowingly and feloniously keeping a gaming table, etc., is defective, because not charging the act was done unlawfully and willfully.

(*February* 12, 1917.)

BOYCE, J., sitting.

*P. Warren Green*, Deputy Attorney General, for the state.

*Phillip L. Garrett* for the accused Julian.

Court of General Sessions, New Castle County, January Term, 1917.

INDICTMENT No. 72, March Term, 1917.

William W. Satterfield, as principal, and James Julian as an accomplice, were indicted for keeping a gaming table. On motion to quash the fourth count in the indictment, charging Julian as an accomplice. Motion granted.

*Revised Code* 1915, § 3568, provides:

"Whoever shall keep or exhibit a gaming table, faro bank, sweat cloth, roulet table, or other device under any denomination, at which cards, dice or any other game of chance is played for money, or other thing of value, * * * shall be deemed guilty," etc.

The fourth count in the indictment charges that James Julian, "did knowingly and feloniously abet, procure, command and counsel the said above-mentioned William W. Satterfield to do and commit the said misdemeanor and keeping a gaming table and being concerned in interest in exhibiting the gaming table, in manner and form aforesaid, against," etc.

Counsel for the alleged accomplice moved to quash the count (1) because of duplicity, and (2) because the misdemeanor charged is alleged to have been feloniously done; and in support of the latter ground relied upon, *State v. Darrah,* 1 *Houst. Crim. Cas.* 112.

The Deputy Attorney General insisted that the count was not duplicitous but conceded that it was otherwise defective, under the decision in the case of *State v. Boggs,* 4 *Pa.* 95, 53 *Atl.* 360.

BOYCE, J., delivering the opinion of the court:

[1] The several acts mentioned in the statute, and indictable as distinct offenses, are connected with the same general offense, and subject to the same punishment, and the fact that the count charges that the offense was committed in more than one way, it does not, under a statute like the one in question, make the count duplicitous.

[2] Unnecessary words in an indictment, otherwise sufficient, should not be permitted to vitiate the indictment; but such words should be rejected as surplusage. In case a misdemeanor is alleged to have been done feloniously, the allegation is surplusage, contrary to *State v. Darrah, Houst. Cr. Cas.* 112, and should be rejected as such, if the indictment, or count, is otherwise good. *Com. v. Squire,* 1 *Metc. (Mass.)* 258; *State v. Edwards,* 90 *N. C.* 710; *State v. Sparks,* 78 *Md.* 166.

[3] The fourth count is defective for the reason conceded in *State v. Boggs,* 4 *Pennewill* 95, 53 *Atl.* 360, and is quashed.