## UNITED STATES v. CLEVELAND.

(District Court, S. D. Alabama. May 18, 1922.)

1. **Indictment and information** ⟨key⟩125(3)—**Different offenses cannot be charged in single count.**

A count in an indictment, charging that defendant did unlawfully manufacture, sell, barter, transport, deliver, furnish, and possess intoxicating liquors, *held* bad as charging a number of different offenses for which different penalties are prescribed by National Prohibition Act Oct. 28, 1919, tit. 2, § 29.

2. **Intoxicating liquors** ⟨key⟩222—**Requisites of indictment for possession of liquor.**

National Prohibition Act Oct. 28, 1919, tit. 2, § 3, makes it an offense to possess liquor, "except as authorized by this act." Section 33 provides that possession of liquor by any person "not legally permitted under this title to possess liquor shall be prima facie evidence" that it is kept for an illegal purpose; but it further provides that it shall not be unlawful to possess liquor in one's private dwelling for the personal consumption of the owner and his family. *Held*, that it is not sufficient in an indictment for unlawful possession to allege merely possession of liquor by defendant and his intended use thereof as a beverage.

3. **Intoxicating liquors** ⟨key⟩207, 208—**Indictment for unlawful possession must allege time and place.**

Under National Prohibition Act Oct. 28, 1919, tit. 2, § 32, providing that in an indictment it shall not be necessary to include any negative de-

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

fensive allegations, but it shall be sufficient to state that the act charged was "then and there" unlawful, an indictment for unlawful possession of liquor must allege the time and place.

**4. Intoxicating liquors ☞224—Burden of proving lawful possession on defendant only in civil action not in criminal prosecution.**

The provision of National Prohibition Act Oct. 28, 1919, tit. 2, § 33, that "the burden of proof shall be upon the possessor in any action concerning the same to prove that such liquor was lawfully acquired, possessed and used," applies to civil actions, and not to criminal prosecutions.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Action—Action at Law.]

Criminal prosecution by the United States against Thomas Cleveland. On demurrers to indictment. Demurrers sustained.

Aubrey Boyles, U. S. Atty., of Mobile, Ala.

Francis J. Inge, of Mobile, Ala., for defendant.

ERVIN, District Judge. In this case there are two questions, primarily presented by the demurrers, on which I base my ruling, one question to each count of the indictment, which indictment contains only two counts. The first count charges that—

"Thomas Cleveland did unlawfully manufacture, sell, barter, transport, deliver, furnish, and possess certain intoxicating liquors, which were then and there prohibited and unlawful."

The second count charges the same defendant—

"did unlawfully have and possess, to wit, 33 half pints of illicit liquor intended for use in violation of title 2 of the National Prohibition Act passed October 28, 1919; that is to say, intended for use as intoxicating beverages, which was then and there prohibited and unlawful."

While there are various grounds of demurrer to each count of the indictment, I base my ruling on one question as to each count. As to the first count of the indictment objection is made that the count charges the defendant with several separate offenses, as to which the provisions of the National Prohibition Act provide differing punishments. The objection to the second count is that the charge is that the liquor possessed by the defendant was intended for use in violation of title 2 of the Prohibition Act, without declaring what particular prohibited use under said act was intended, and further that the manner in which the possession of the liquor by defendant is alleged states no legal offense, in that no particular place where it was possessed is alleged.

In order to call attention to the special language used in the various questions which I am called upon to construe in the National Prohibition Act (41 Stat. 305), I have italicized certain words in the various quotations which I am making from the act, so as to bring out the emphasis which I give to these words in the act. As much of section 3 of the National Prohibition Act as necessary to quote reads as follows:

Title 2, section 3: "No person shall on or after the date when the Eighteenth Amendment to the Constitution of the United States goes into effect, manufacture, sell, barter, transport, import, export, deliver, furnish *or possess any intoxicating liquor except as authorized in this act*, and all the provisions of

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

this act shall be liberally construed to the end that the use of intoxicating liquor as a beverage may be prevented."

Section 29 reads as follows:

"Any person who manufactures or sells liquor in violation of this title shall for a first offense be fined not more than $1,000, *or* imprisoned not exceeding six months, and for a second or subsequent offense shall be fined not less than $200 nor more than $2,000 *and* be imprisoned not less than one month nor more than five years.

"Any person violating the provisions of any permit, or who makes any false record, report, or affidavit required by this title, or violates any of the provisions of this title, for which offense a special penalty is not prescribed, shall be *fined* for a first *offense* not more than $500; for a second offense not less than *$100* nor more than *$1,000, or* be *imprisoned* not more than ninety days; for any subsequent offense he shall be fined not less than $500 *and* be imprisoned not less than three months nor more than two years."

[1] It will be noticed that, while section 3 declares the offense, section 29 provides the punishment therefor, and when we examine section 29 we find that for the manufacture or sale of liquor the punishment for the first offense shall be a fine not exceeding $100 *or* imprisonment not exceeding six months, while for the other offenses, such as transporting, importing, exporting, delivering, furnishing, or possessing intoxicating liquors, the first offense is punished by a fine of not exceeding $500, without any provision by which imprisonment can be imposed, and the second offense may be punished by not less than $100 nor more than $1,000 *or* by imprisonment not more than 90 days, and for any subsequent offense may be fined not less than $500 *and* by imprisonment not less than three months nor more than two years.

It will thus be noticed that the punishments provided for making and selling liquor are entirely different from those for the other offenses enumerated in the act, not only for the first offense, but a second or subsequent offense. If the jury render a verdict of guilty under the first count of the indictment, which includes the charge of making and selling, as well as of transporting, delivering, furnishing, and possessing liquors, how can the court properly impose a punishment because the court has no way of ascertaining whether the conviction was for the offense of making or selling liquor or on the other charges.

Leaving out of view at present the fact that the offenses are different, and looking merely to the question of punishment as provided by law, I feel that I must sustain the demurrer, because I would have no way of determining the fact what offense I would be imposing punishment for. It is urged upon me that section 32 of the act covers the question. It reads as follows:

"In any affidavit, information, or indictment for the violation of this act, separate offenses may be united in separate counts and the defendant may be tried on all at one trial and the penalty for all offenses may be imposed. It shall not be necessary in any affidavit, information, or indictment to give the name of the purchaser or to include any defensive negative averments, but it shall be sufficient to state that the act complained of was *then and there* prohibited and unlawful, but this provision shall not be construed to preclude the trial court from directing the furnishing the defendant a bill of particulars when it deems it proper to do so."

In reading this section I find authority for the indictment to contain as many separate counts as offenses may have been committed, but each

offense should be charged in separate counts though they may all be tried at one time. This certainly gives no authority to write more than one offense in one count, but if the act is controlling requires a separate count for each offense.

[2] I come now to consider the objection to the second count where the charge is the possession by the defendant of 33 half pints of illicit liquor intended for use as intoxicating beverages. Here we will need to consider, with sections 3 and 32 above quoted, section 33, which reads as follows:

"After February 1, 1920, the possession of liquors by any person *not legally permitted under this title to possess liquor* shall be prima facie evidence that such liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished, or otherwise disposed of in violation of the provisions of this title. Every person legally permitted under this title to have liquor shall report to the commissioner within ten days after the date when the Eighteenth Amendment of the Constitution of the United States goes into effect, the kind and amount of intoxicating liquors in his possession. But it shall not be unlawful to possess liquors in one's private dwelling while the same is occupied and used by him as his dwelling only and such liquor need not be reported, provided such liquors are for use only for the personal consumption of the owner thereof and his family residing in such dwelling and of his bona fide guests when entertained by him therein; and the burden of proof shall be upon the possessor in any action *concerning the same to* prove that such liquor was lawfully acquired, possessed, and used."

We find here an express recognition of the right to have and consume liquors in one's home. Notice that in the two sections forbidding the possession of liquors the language is qualified. In section 3, "Or possess any intoxicating liquor except as authorized in this act;" while in section 33 it is, "The possession of liquors by any person not legally permitted  *  *  *  shall be prima facie evidence," etc.

So the possession of liquors in the home is both "authorized" and "permitted" by the act, and so is its use there as an intoxicating beverage, for section 33 says:

"Provided such liquors are for use only for the personal consumption of the owner thereof and his family," etc.

In the face of this provision, is it sufficient to allege in the indictment, as here, merely the possession of the liquor by defendant and his intended use thereof as a beverage?

[3] It is urged that section 32, above quoted, says it shall not be necessary for the indictment to include any defensive negative averments. However, the section does not stop there; it continues:

"But it shall be sufficient to state that the act complained of was *then and there* prohibited and unlawful."

What was meant by "then and there," unless it was the time and place when the liquor was possessed by defendant? Must not the indictment then state this time and place? If so, this would not be a negative or defensive averment, but a positive one. As long as the act recognizes the right of possession and use at certain places, and makes such possession illegal only at other places, then an indictment, to be sufficient, should state a time and place where the possession was illegal.

I am asked what field should be given the concluding words of sec-

tion 32, permitting the court to order a bill of particulars. I cannot anticipate all the cases in which it might be ordered, but one instance is sufficient. Should a defendant be charged with several sales near the same time, a bill of particulars could be ordered to identify the sale intended to be prosecuted.

[4] I am also asked what is the meaning of the concluding words of section 33:

"And the burden of proof shall be upon the possessor in any *action concerning the same to* prove that such liquor was lawfully acquired, possessed, and used."

In the first place, the word "action" is not ordinarily used to indicate a criminal prosecution. Certainly Congress knew the difference in the words, for we find the word "prosecution" correctly used in several places in the act, viz.: In section 2 of title 2 it is twice used. In section 29 it is said:

"It shall be the duty of the prosecuting officer," etc.

In section 30:

"But no natural person shall be prosecuted," etc.; "but no person shall be exempt from prosecution and punishment."

In section 31:

"And prosecution for such sale or delivery," etc.

The word "action" has been correctly used in at least three places in the act to indicate a civil suit. In section 20 it is several times used:

"Any person who shall be injured * * * shall have a right of action against," etc.; "the * * * right of action given by this section. * * * Such action may be brought," etc.

Section 22:

"An action to enjoin any nuisance defined in this title may be brought," etc.

Section 35:

"The Commissioner, with the approval of the Secretary of the Treasury, may compromise any civil cause arising under this title before bringing action in court; and with the approval of the Attorney General he may compromise any such cause after action thereon has been commenced."

A hasty glance over the act has disclosed these uses of the terms; there may be others, but these are sufficient to show that Congress correctly understood and used the words "prosecution" and "action" in their ordinary way in the act. The instances quoted also show that Congress understood there would be occasion for civil actions to arise under the provisions of the act.

The last sentence in section 25 is:

"The property seized on any such warrant shall not be taken from the officers seizing the same on any writ of replevin or other like process."

In my judgment this was the kind of action Congress had in mind when it wrote the concluding words of section 33, viz.:

"And the burden of proof shall be upon the possessor in any *action concerning the same* to prove that such liquor was lawfully acquired, possessed and used."

It was not putting the burden on defendant in the criminal prosecution, but in a civil action. This is clearly shown by the words "concerning the same," following the word "action." How could a criminal prosecution against one for having in his possession intoxicating liquors be construed to be an action "concerning the same"? A suit or action to try the title to, or right of possession of, the liquors would be an action concerning the same, but a criminal prosecution would not be.

The demurrers will be sustained.