STATE *v.* MILTON H. MORROW.

(*November* 14, 1939.)

RICHARDS, J., sitting.

*William J. Storey*, Deputy Attorney-General, for the State.

*J. Caleb Boggs* appearing specially for the defendant for the purpose of moving to quash the indictment.

Court of General Sessions for Kent County, July Term, 1939.

RICHARDS, J., delivering the opinion of the Court:

The reasons assigned in support of the motion to quash the first count of the indictment may be summed up in one, namely, that the language used to describe the offense which the defendant is charged with having committed does not describe said offense with sufficient particularity to inform the defendant of the nature and cause of the offense which he is charged with having committed. Likewise the reasons in support of the motion to quash the second count of the indictment may be reduced to two, first, that the language used to describe the offense which the defendant is charged with having committed does not describe said offense with sufficient particularity to inform the defendant of the nature and cause of the offense which he is charged with having committed; and second, that the count is not only general and misleading but charges several distinct and separate violations of the law.

An indictment is a finding of the Grand Jury,

upon its oath or affirmation charging a person with a crime, and based upon a written accusation prepared by a prosecuting attorney. 4 *Blackstone's Comm.* 302; *In re Bain*, 121 *U. S.* 1, 7 *S. Ct.* 781, 30 *L. Ed., page* 849; *Richardson v. State*, 66 *Md.* 205, 7 *A.* 43; *Campbell v. State*, 9 *Yerg. (Tenn.)* 333, 30 *Am. Dec.* 417; *In re Durant*, 60 *Vt.* 176, 12 *A.* 650; *Vanvickle v. State*, 22 *Tex. App.* 625, 2 *S. W.* 642; *Bennett v. Kalamazoo Circuit Judge*, 183 *Mich.* 200, 150 *N. W.* 141, *Ann. Cas.* 1916E, 223.

■ The common law requirements were that an indictment should be certain in every particular. *State v. Underwood*, 17 *Okl. Cr.* 443, 190 *P.* 281; *Clement v. United States*, (8 *Cir.*) 149 *F.* 305, 79 *C. C. A.* 243; *State v. Villa*, 92 *Vt.* 121, 102 *A.* 935; *People v. Malley*, 49 *Cal. App.* 597, 194 *P.* 48.

■■ This strict rule has now been relaxed in most jurisdictions, and reasonable certainty is held to be sufficient. The indictment must be drawn with such particularity, however, as will fully inform the accused of what he will be required to meet, will give him a fair and reasonable opportunity to prepare his defense, and enable him to plead that proceeding as a bar to further prosecution based upon the same facts. *United States v. Cruikshank*, 92 *U. S.* 542, 23 *L. Ed.* 588; *Brockway v. State*, 192 *Ind.* 656, 138 *N. E.* 88, 26 *A. L. R.* 1338; *State v. Pirlot*, 19 *R. I.* 695, 36 *A.* 715; *State v. Singer*, 101 *Me.* 299, 64 *A.* 586; *State v. Villa*, 92 *Vt.* 121, 102 *A.* 935; *State v. Nutwell*, *(Md.)* 1 *Gill* 54; *Sherban v. Commonwealth*, 8 *Watts. (Pa.)* 212, 34 *Am. Dec.* 460; *People v. Malley*, 49 *Cal. App.* 597, 194 *P.* 48.

The Constitution of this State at *Section* 7 of *Article* 1 provides that the accused has a right to be "plainly and fully informed of the nature and cause of the accusation against him".

■ In considering this question *Section* 5318 of the *Revised Code* of 1935 should not be overlooked. The language there used is:

"It shall not hereafter be necessary to the validity or sufficiency of any indictment, information or special plea in bar in any criminal case that it comply with or conform to the requirements or precedents of the common or existing statute law. The indictment or information in any criminal case shall contain a plain statement of the elements of the crime, sufficient plainly and fully to inform the defendant of the nature and cause of the accusation against him, in simple and non-technical language."

This provision did away with certain common law phraseology which had long been followed in drawing indictments and made it unnecessary to follow the express words of the statute; but it did not eliminate the essential elements of the crime for which the accused is sought to be charged. *Anthony v. State,* 109 *Neb.* 608, 192 *N. W.* 206; *State v. Smith,* 58 *Mont.* 567, 194 *P.* 131; *People v. Oro,* 6 *Cal.* 207, 65 *Am. Dec.* 503; *State v. Butcher,* 79 *Iowa* 110, 44 *N. W.* 239.

The indictment under consideration is based upon *Chapter* 27 of the *Revised Code* of 1935. *Section* 926 provides that it shall be unlawful for any person to practice medicine or surgery in this State without having first obtained a license authorizing such practice.

*Section* 930 defines the meaning of the words practice of medicine or surgery for the purpose of this Chapter as follows:

"For the purpose of this *Chapter*, the words, 'practice of medicine or surgery,' shall mean to open an office for such purpose, or to announce to the public, or to any individual, in any way, a desire or willingness or readiness to treat the sick or afflicted in any County in the State of Delaware, or to investigate or diagnosticate, or to offer to investigate or diagnosticate any physical or mental ailment, or disease of any person, or to give surgical assistance to, or to suggest, recommend, prescribe or direct for the use of any person, any drug, medicine, appliance or other agency, whether material or not material, for the cure, relief or palliation of any ailment or disease of the mind or body, or for the cure or relief of any wound, fracture, or bodily

injury, or deformity, after having received or with intent of receiving therefor, either directly or indirectly, any money, gift, or any other form of compensation."

*Section* 935 provides that any person practicing or attempting to practice medicine, surgery or osteopathy in this State, without having complied with the provisions of this Chapter, shall be guilty of a misdemeanor.

The first count of the indictment charges that the defendant "did unlawfully engage in the practice of the profession of medicine, without a proper license obtained therefor". No attempt is made to define what he did and the person for whom the services were performed is not named. The offense is not described·with sufficient particularity to inform the defendant what he will be called upon to meet at the trial; or to enable him to avail himself of the indictment and trial on this charge as a bar to subsequent prosecution based upon the same facts. Therefore, this count of the indictment is not sufficient. *State v. Adair*, 4 *W. W. Harr.* (34 *Del.*) 585, 156 *A.* 358.

The second count of the indictment describes the offense in a more definite and certain manner; it not only charges the defendant with practicing medicine without having obtained a proper license authorizing him to engage in such practice, but names the specific acts which he committed while engaged in the practice of medicine. Said acts as described being that he did examine Andrew Armaudo to determine the cause of the ailment of Andrew Armaudo; that he did diagnosticate the physical ailment of Andrew Armaudo; and that he did practice medicine for the cure, relief or palliation of the ailment of Andrew Armaudo. This not only brings to the attention of the defendant the offense with which he is charged, but a prosecution thereon should be a bar to a later prosecution for an offense based upon the same facts. This count is, therefore, not subject to the same objection that was found with the first count.

The additional reason given why the second count of the indictment should be quashed is that it alleges several distinct and separate violations of the law. In other words, it is claimed that the count is bad on the ground of duplicity. The general rule is that an indictment or information which charges the defendant with the commission of two or more distinct and substantive offenses in the same count is bad for duplicity. *United States v. Cleveland,* (*D. C.*) 281 *F.* 249; *Chase v. Van Buren Circuit Judge,* 148 *Mich.* 149, 111 *N. W.* 750; *Thomas v. State,* 111 *Ala.* 51, 20 *So.* 617; *People v. Plath,* 166 *Cal.* 227, 135 *P.* 954; *Joslyn v. State,* 128 *Ind.* 160, 27 *N. E.* 492, 25 *Am. St. Rep.* 425; *Commonwealth v. Symonds,* 2 *Mass.* 163.

It also seems to be well settled that two or more distinct acts, connected with the same general offense and subject to the same measure and kind of punishment, when committed by the same person and at the same time, may be coupled in one count as together constituting but one offense; even though the statute makes such acts indictable separately and as distinct crimes when each shall have been committed by different persons. *State v. Satterfield,* 6 *Boyce* (29 *Del.*) 443, 100 *A.* 473; *Commonwealth v. Nichols,* 10 *Allen* (*Mass.*) 199; *Crain v. United States,* 162 *U. S.* 625, 16 *S. Ct.* 592, 40 *L. Ed.* 1097; *Hale v. State,* 58 *Ohio St.* 676, 51 *N. E.* 154; *State Board of Medical Examiners v. Giedroyc,* 91 *N. J. L.* 61, 102 *A.* 906; *Reynolds v. State,* 141 *Md.* 637, 119 *A.* 457; *Jones v. Commonwealth,* 104 *Ky.* 468, 47 *S. W.* 328; *State v. Anderson,* 82 *Conn.* 111, 72 *A.* 648; *People v. Gusti,* 113 *Cal.* 177, 45 *P.* 263; *Franklin v. State,* 153 *Ark.* 536, 240 *S. W.* 708.

The question now being considered was decided by this Court in *State v. Satterfield,* 6 *Boyce* (29 *Del.*) 443, 100 *A.* 473. In that case William Satterfield as principal and James Julian as an accomplice, were indicted for keeping a gaming table. A motion was made to quash the fourth

count of the indictment charging Julian as an accomplice. The statute provides:

"Whoever shall keep or exhibit a gaming table, faro bank, sweat cloth, roulet table, or other device under any denomination, at which cards, dice or any other game of chance is played for money, or other thing of value * * * shall be deemed guilty." (*Revised Code* 1935, § 4058).

The fourth count of the indictment charges that James Julian,

"Did knowingly and feloniously abet, procure, command and counsel the said above mentioned William W. Satterfield to do and commit the said misdemeanor and keeping a gaming table and being concerned in interest in exhibiting the gaming table, in manner and form aforesaid, against,"

The Court *held:*

"The several acts mentioned in the statute, and indictable as distinct offenses, are connected with the same general offense, and subject to the same punishment, and the fact that the count charges that the offense was committed in more than one way, it does not, under a statute like the one in question, make the count duplicitous."

The case of *Hale v. State,* 58 *Ohio St.* 676, 51 *N. E.* 154, 156, is also quite similar to the one under consideration. The defendant Hale was indicted for unlawfully practicing medicine. A motion being made to quash the indictment on the ground of duplicity, the Court made this comment:

"It appears to be a well-settled rule of criminal pleading that when an offense against a criminal statute may, in the same transaction, be committed in one or more of several ways, the indictment may, in a single count, charge its commission in any or all of the ways specified in the statute, if they are not repugnant, and proof of any one of them will sustain the indictment."

*Bishop's New Criminal Procedure, Volume* 1, *Section* 436, deals with the question in the following language:

"A statute often makes punishable the doing of one thing, or another, or another; sometimes specifying a considerable number of things. Then, by proper and ordinary construction, a person who, in one transaction, does all, violates the statute but once, and incurs only one penalty. Yet he violates it equally by doing one of the things. Therefore an indictment on such a statute may allege in a single count that the defendant did as many of the forbidden things as the pleader chooses, employing the conjunction 'and' where the statute has 'or'; and it will not be doubled, and it will be established at the trial by proof of any one of them."

■ In the present case the indictment is based upon a statute making it unlawful to practice medicine without a license. Said statute defines the practice of medicine to include, among other things, a desire or willingness or readiness to treat the sick or afflicted, or to investigate or diagnosticate any physical or mental ailment, or disease of any person, or to give surgical assistance to, or to suggest, recommend, prescribe, or direct for the use of any person, any drug, medicine, appliance or other agency, for the cure, relief or palliation of any ailment or disease of the mind or body, after having received, or with intent to receive therefor any money or other form of compensation. Each of the acts included in the definition of practicing medicine is subject to the same punishment. The second count of the indictment charges that the defendant "did examine one Andrew Armaudo to determine the cause of the ailment of the said Andrew Armaudo and did then and there diagnosticate the physical ailment of him the said Andrew Armaudo and did then and there prescribe medicine for the cure, relief or palliation of the ailment of him, the said Andrew Armaudo".

Attention is called to the fact that the conjunctive "and" is used in the indictment showing that all of the acts which the defendant is charged with having committed occurred in the same transaction and constituted but one offense.

For the foregoing reasons I am convinced that the second count is not duplicitous. This disposes of the reasons assigned by the defendant to quash the indictment and the motion is, therefore, dismissed.