STATE OF DELAWARE v. DANIEL NORRIS, VICTOR L. BRYSON, EDWARD J. ERNEST, EDWARD J. HARDY, JOHN HENRY MINOR. JESSE W. PALMER, JOSEPH A. LANKFORD and WILLIE N. EDWARDS.

(*March* 6, 1950.)

WOLCOTT, J., sitting.

*C. Edward Duffy,* Chief Deputy Attorney-General, for the State.

*Elwood F. Melson, Jr., Robert C. O'Hora* and *William E. Taylor, Jr.,* for the defendants.

Court of General Sessions for New Castle County, Robbery, Nos. 10, 11 and 12, January Term, 1950; Larceny, No. 13, January Term, 1950.

The larceny indictment charges that the defendants:

"while engaged in the unlawful act of escape from the New Castle County Workhouse, the said Workhouse then and there being the jail in and for said County, with force and arms, at Christiana Hundred, in the county aforesaid, two 32 caliber Colt automatic guns of the value of Forty Dollars each, five 38/40 caliber Colt revolvers of the value of Thirty-five Dollars each, one 38 caliber Colt special target revolver of the value of Seventy-five Dollars, and one hundred and fifty bullets of the aggregate value of Nine Dollars and Ninety cents, aggregating the total value of Three Hundred thirty-nine Dollars and Ninety cents, lawful money of the United States of America, of the monies, goods and chattels of the Board of Trustees of the New Castle County Workhouse, then and there being found, then and there feloniously did steal, take and carry away, * * *."

A motion to quash each indictment was filed on behalf of the defendants. The reasons assigned in support of the motions to quash are identical in each case, and are as follows:

1. That the theory of the indictment is indefinite and uncertain and does not fully inform the defendants of the charges made against them.

2. That the allegations of fact necessary to constitute the crime of larceny are ambiguous.

3. That the indictment is not sufficient in form or substance to plead the judgment in bar of another prosecution for the same offense.

4. That the indictment against Jesse W. Palmer is improper, that it is not the legal name of any of the persons held to answer this indictment, and that the joinder of Jesse W. Palmer with the other defendants herein is an improper joinder of defendants.

5. That the defendants Joseph A. Lankford and Willie N. Edwards are not present within the jurisdiction of the State of Delaware, cannot be tried in their absence, and their joinder as defendants with the other parties hereto is improper.

WOLCOTT, Judge.

At the argument, it was conceded by counsel that the first three reasons assigned in support of the motions to quash the indictments may be summed up in one broad reason, viz., that the language used to describe the offenses which the defendants are charged with having committed does not describe the offenses with sufficent particularity to inform the defendants of the nature of the crimes and of the theory of the State with respect to them.

■■ At common law, an indictment was required to be certain in every particular. Section 5318, Revised Code, 1935, did away with the technical common law phraseology in indictments but did not eliminate the requirement that the essential elements of the crime of which the accused stands charged shall be set forth with reasonable certainity in the indictment. *State* v. *Morrow,* 1 *Terry* 363, 10 *A.* 2d 530; *State* v. *Caruso,* 3 *Terry* 310, 32 *A.* 2d 771.

■ I think the indictments before me sufficiently inform

the defendants with reasonable certainty of the crimes of which they are charged and the theory of the State in so charging. It is apparent that the theory of the State upon which these indictments are founded is that the defendants joined together with the common purpose and intention of committing an unlawful act, to-wit, the crime of escape, and that while engaged in the performance of that unlawful act, the crimes of robbery and larceny were perpetrated in furtherance of the unlawful act on which the defendants at the time were jointly embarked. Under the State's theory of the crimes, it is not necessary to show which of the defendants performed the acts which constitute the crimes. The State's theory is that it is sufficient to show the commission of the crimes by one or more of the defendants and that as a matter of law, all who were jointly engaged in the doing of the unlawful act are equally guilty of the incidental crimes done in furtherance of the performance of the initial unlawful act.

This theory of the State is set forth in the indictments with reasonable certainty. The motion to quash, therefore, attacks the applicability in the cases at bar of the rule of law upon which the State relies.

The rule seems well settled that all persons who join together with a common intent and purpose to commit an unlawful act which, in itself, makes it not improbable that a crime not specifically agreed upon in advance might be committed, are responsible equally as principals for the commission of such an incidental or consequential crime whenever the second crime is one in furtherance of or in aid to the originally contemplated unlawful act. *Wharton's Criminal Law*, 12th *Ed., Vol.* 1, *Sec.* 258; *Commonwealth* v. *Doris*, 287 *Pa.* 547, 135 *A.* 313; *People* v. *Sink*, 374 *Ill.* 480, 30 *N. E. 2d* 40; *Cyc. Criminal Law, Vol.* 1, *Sec.* 259.

The defendants concede the rule but deny that it has any application to the case at bar. The defendants' argument in this

respect is that the rule has application only when the unlawful act originally contemplated is in itself a felony.

However, in *People v. Creeks,* 170 *Cal.* 368, 149 *P.* 821, the rule was applied to support a conviction of murder which occurred in the course of an escape from prison of two defendants. See also *People v. Flannigan,* 174 *N. Y.* 356, 66 *N. E.* 988. The defendants have not produced any specific authority in support of their argument that the rule has application only when the initial unlawful act to be committed is itself a felony, and on principle I can see no justification for such a distinction to be made.

I conclude, therefore, that the theory of the State upon which the equal and joint guilt of the defendants is premised is sound and will support the indictments provided the robberies and larceny were acts which were designed to further the common purpose of escape from the prison.

In the case of the larceny which resulted in the seizure of guns and ammunition, there can be no doubt but that it was an act designed to further and aid the unlawful act of escape. Similarly, in the case of the robberies, it seems to me that a successful escape would be made more probable by the possession of money by the escapees. In each case of robbery, money was obtained. While the specific acts of robbery might not have been preconceived by the defendants prior to the starting of the unlawful act of escape, nevertheless, the robberies were of aid and assistance in the common purpose.

It seems clear that both the acts of larceny and robbery were committed in furtherance of the common purpose of escaping from the workhouse. Since that is so, and since the act of escape was still continuing, it follows that the rule contended for by the State is applicable and each of the defendants is equally guilty and properly charged jointly in the same indictment.

The defendant; Palmer, moves to quash all of the indictments as to him on the ground of misnomer. In support of the motion and pursuant to the provisions of Section 5318, Revised Code, 1935, the defendant supports his motion to quash by an affidavit alleging that his name is not Jesse W. Palmer, but, in fact, is. Jack Palmer, Jr. It also appears that at the time the defend-: ant escaped from the New Castle County Workhouse he was. serving a sentence imposed as a result of a conviction for rob-: bery in his name of Jack Palmer, Jr. The conclusion is inescapable that the State knew, or should have known, at the time the present indictments were presented to the Grand Jury, that the defendant's name was Jack Palmer, Jr.

■ It is the general rule that a defendant must be indicted in his true name and, if possible, by his Christian as well as sur-. name.

The State refers to Joyce on Indictments, 2nd Ed., Sec. 253, to the effect that any name by which a person is commonly called or known may be used in an indictment in place of the real name of the defendant. However, the cases cited in support of the text are cases where the true name was unknown to the State and it was therefore impossible for the defendant to be indicted in his true name. But that is not the case at bar.

■ The defendant, Palmer, is entitled to plead any conviction in bar of any future prosecution. If the conviction should be made in a name other than his true one, difficulties in pleading that conviction in bar of of future prosecution might well arise. Since the State knew at the time the indictments were found the true name of the defendant, and since there is no showing that Jack Palmer, Jr. is not the true name of the defendant, the indictments will be quashed as to the defendant, Palmer.

The fifth reason assigned in support of the motion to quash the indictments was not urged at the argument of the motions.