STATE of Delaware

v.

Glenn H. ADAMS, Defendant.

Superior Court of Delaware,
New Castle.

Submitted Aug. 27, 1976.

Decided Sept. 16, 1976.

Eugene M. Hall, Deputy Atty. Gen., Wilmington, for the State.

William E. Wright and Sidney Balick of Aerenson & Balick, Wilmington, for defendant.

TAYLOR, Judge.

Defendant was indicted on seven charges occurring on February 12, 1976. Counts I through IV of the indictment charge violation of Title 16, Section 4752. Count I charges possession with intent to deliver a non-narcotic Schedule I controlled substance, marijuana. Count II charges possession with intent to deliver a non-narcotic Schedule II controlled substance, methamphetamine, Count III charges possession with intent to deliver a non-narcotic Schedule III controlled substance, phencyclidine, Count IV charges possession with intent to deliver a non-narcotic Schedule II controlled substance, methaqualone. Defendant has moved for dismissal, consolidation into one offense, or consolidation into a single conviction, if defendant should be found guilty.

Defendant's contention is that Counts I through IV place defendant in jeopardy four times for the same offense. The contention is that the violation of 16 Del.C. § 4752 which prohibits possession with intent to deliver a non-narcotic controlled substance occurring at a particular time is a single offense even though more than one substance prohibited by that section is involved.

The real issue is whether the intent of the statute is to treat the various substances as a generic group and simply to

outlaw the sale, or possession with intent or possession of the generic group or whether the statute intended to deal with the specific substances as though a separate statutory provision creating a distinct crime as to each of the enumerated substances had been enacted.

16 Del.C. § 4752 provides, inter alia:

" . . . any person who manufactures, delivers or possesses with intent to manufacture or deliver a controlled substance . . . classified in Schedule I, II, III, IV or V which is not a narcotic drug is guilty of a felony . . ."

It will be noted that the statutory reference is to "a controlled substance . . . classified in . . .". This is some indication of a legislative purpose to make the crime apply to the individual substance rather than to the generic group collectively.

The thrust of the Controlled Substance Act is to prevent the existence of a particular substance in the hands of anyone other than a licensed person. The emphasis is upon the substance as well as upon the act or action, the individual substance being at least as important as the act itself. This is in contrast to statutes such as larceny or theft, where the thrust is the act of illegal taking, and the particularization of the item taken is secondary.

It is noted that each of the prohibitory sections contains an exclusion where the substance is obtained or delivered pursuant to a valid prescription. From the practice which prevails, it is clear that a prescription is confined to the specific substance as specified therein and that a prescription which refers to the generic group of substances incorporated in one of the statutory Schedules or the group of Schedules covered by one of the prohibitory sections would not constitute a valid prescription under 16 Del.C. § 4738.

There is no question that the statute may make the possession of marijuana a separate offense from the offense of possession of methamphetamine or from the offense of possession of phencyclidine or from the offense of possession of methaqualone. 11 Del.C. § 233. Clearly, there is no requirement that each substance be dealt with in a separate section of the statute in order for a separate crime to be created. Nor is it required that there be language specifically stating that each separate substance which is possessed or delivered shall constitute a separate offense. The essential requirement is that it fairly appear that the legislature intended that each substance be dealt with separately for purpose of delineating a crime and that the language express it. 11 Del.C. § 233.

Defendant relies on State v. Butler, 112 N.J.Super. 305, 271 A.2d 17 (1970) in which the New Jersey Superior Court, Appellate Division held that the New Jersey statute which prohibited, inter alia, possession of "any narcotic drug" did not intend to create a simultaneous possession of two different narcotic drugs to constitute separate offenses. The decision turns on the general nature of that statute and concluded that "[i]f such were the intent, the Legislature would have said so in clear language." It is not persuasive here.

The other case relied upon by defendant is State v. Morrow, Del.Gen.Sess., 1 Terry 363, 10 A.2d 530 (1939). In Morrow, defendant was charged with illegally practicing medicine and also charged with specific acts, each of which constituted practicing of medicine. The statute involved, Chapter 27, Sec. 13, par. 926, Revised Code of 1935, declared it to be unlawful "for any person to practice medicine or surgery in this State without having obtained a license therefor . . .". While the legislature elsewhere undertook to define the practice of medicine, it is clear that the focus of the statute was upon the illegal practice of medicine and not upon certain

specific acts. This Court found in *Morrow* that the specific acts were merely manifestations of the single crime of illegal practice of medicine. The statute involved in *Morrow* is clearly distinguishable.

■ I conclude that the language of the statute shows that the legislature intended to apply the statutory prohibitions to individual substances, thereby creating a separate crime with respect to each forbidden substance.

■ Defendant also contends that to permit a separate charge for each forbidden substance possessed simultaneously by defendant would violate 11 Del.C. § 206. That section permits prosecution for more than one offense when the same conduct establishes more than one offense, unless (1) one of the offenses is included in the other, or (2) one offense is an attempt to commit the other, or (3) inconsistent findings of fact required to establish each offense. Clearly, exceptions (2) and (3) are inapplicable. Subsection (b) of § 206 provides that exception (1) applies if each charge is established by proof of the same or less facts (or one is an attempt to commit the other, or one involves a less serious injury or risk of injury, neither of which is applicable here).

■ Here, each count charges possession of a separate controlled substance. Proof of the identity of the item possessed is an element of the offense as contemplated by 11 Del.C. § 232. A prima facie case is made when some credible evidence tending to prove the existence of each element of the offense has been established. 11 Del.C. § 301. It is generally accepted that in charging a drug violation, the indictment must specify the drug involved. In a charge of possession with intent to deliver a particular drug, the evidence must show that defendant possessed a substance, that the substance was the drug charged, and that in connection with the possession thereof defendant intended to sell it. Where possession of separate drugs is charged, while the evidence relating to possession may be the same for each charge, the evidence describing the substance and establishing its drug identity as well as evidence of intent to deliver (usually the quantity involved plus evidence that that quantity substantially exceeds the amount normally possessed by a user) would undoubtedly differ with respect to each drug charged. Hence, the totality of evidence required to prove one count would not establish all of the elements required with respect to the other counts.

■ Defendant also contends that to permit trial on these four counts would violate his constitutional right against double jeopardy. He relies on *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed. 2d 707 (1969) in support of this contention. *Benton* applies the long-accepted principle that a person who has been tried and acquitted cannot thereafter be tried on charges growing out of the same event or facts. It does not consider applying the principle when there has been no prior trial. Here, it is not contended that defendant has previously been prosecuted for any of these charges or for other charges involving the same facts. No basis has been shown for barring any of these charges on the basis of double jeopardy.

■ In summary, I conclude that the counts of the indictment which separately charge possession of different controlled substances on the same occasion are permitted under the Controlled Substances Act and under the provisions of the Criminal Code and under the Constitution.

IT IS ORDERED that the motion to dismiss or to consolidate (for trial or sentence) is denied.