PEOPLE v. RIMKUS.

1. CRIMINAL LAW — JURISDICTION — MALICIOUS DESTRUCTION OF PERSONALTY—VALUE.

In a prosecution for the malicious destruction of personal property, evidence as to the value of the property destroyed, *held*, sufficient to confer jurisdiction upon the circuit court.

2. SAME—VENUE—EVIDENCE—SUFFICIENCY.

Where the information properly charged the venue, testimony that the crime was committed at Elk townhall and that defendant lived about three miles west of Elk townhall in Elk township, *held*, sufficient to establish the venue; there being an Elk township in Lake county, where the case was tried.

Error to Lake; Cutler (Hal L.), J. Submitted June 15, 1922. (Docket No. 100.) Decided July 20, 1922.

Joe Rimkus was convicted of wilful and malicious destruction of personal property, and sentenced to imprisonment for not less than 1 nor more than 5 years in the house of correction at Ionia.   Affirmed.

*Howard L. Campbell,* for appellant.

*Merlin Wiley,* Attorney General, and *Wilber Pool,* Prosecuting Attorney, for the people.

WIEST, J.   Defendant stands convicted of the crime of wilful and malicious destruction of personal property.   The information charged him with injuring and destroying certain parts of a threshing machine in Elk township, Lake county.   At the trial it was shown that the threshing machine at the time of injury to it was standing at the side of the road by the Elk townhall.

The record presents but two points:

(1) Did the testimony at the trial show the case was one for consideration and trial in the circuit court or one within the jurisdiction of a justice of the peace?

(2) Was the venue established?

Counsel for defendant claims the testimony did not establish that the threshing machine was injured to the extent of $25, and, therefore, the case was one within the jurisdiction of a justice of the peace.   The proof, at first, included damage to a tractor standing with the threshing machine, but upon objection the court confined the issue to damage to the threshing machine.   It is insisted the testimony left it to the jury to guess as to the injury to the threshing machine.

The owner of the threshing machine testified to the injury done and the expense of repairing, but did not, in giving the items, specify, except in one instance, whether they were parts of the threshing machine or tractor.   He gave the items of damage as follows:

"Oil cups, $5.00; sieve, $7.50; set screws, $1.00; 3 wheel caps, $2.00; idle pulley and caps, $4.00; damage to the elevator pipe, $15.00; idle pulley to the wind stack, $4.75; tally register, $1.25; kerosene pump to the tractor, $5.00."

This testimony gave the jury an undoubted right to draw the common sense inference that the sieve, idle pulley and caps, elevator pipe, idle pulley to wind stack and tally register were parts of the threshing machine and not parts of the tractor. The parts last mentioned amounted to the value of $32.50 and gave the circuit court jurisdiction.

The information properly charged the venue, but it is claimed the testimony wholly failed to establish that the crime was committed in Lake county, and it was not sufficient to show the crime was committed at Elk townhall, without also showing that such townhall was in the county of Lake. Defendant testified that he lived at a certain dam about three miles west of Elk townhall, and his brother, John Rimkus, testified that he lived with defendant in Elk township. There being an Elk township in Lake county we think this testimony sufficiently established the venue.

The conviction is affirmed.

FELLOWS, C. J., and McDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.