PEOPLE v. RANES.

1. SEARCHES AND SEIZURES — AFFIDAVIT FOR SEARCH WARRANT — SUFFICIENCY OF DESCRIPTION OF PREMISES.
   The description of the premises, in an affidavit for a search warrant, is not required to be technically as accurate as in a conveyance; it being sufficient if no doubt is left as to the premises to be searched, and no discretion is given to the officer as to where he shall execute his writ.[1]

2. SAME.
   An affidavit which described the premises to be searched as a tar paper shack and garage attached to the east side located on the north side of a certain road, in a

[1]Intoxicating Liquor, 33 C. J. § 372; Searches and Seizures, 35 Cyc. p. 1266 (1926 Anno).

certain township, county, and State, and occupied by a certain person, was sufficient to authorize the issuance of a search warrant.[2]

3. SAME—CERTIFICATE OF JUSTICE THAT AFFIDAVIT WAS ATTACHED TO WARRANT NOT DISPUTED BY FAILURE OF OFFICER TO REMEMBER.
    Where a search warrant commanded the officer to search the premises described "in affidavit hereto attached," the fact that the officer executing the writ was unable to remember upon the examination whether he had the affidavit with him at the time of the search, although he was sure he had the warrant, was insufficient to dispute the certificate of the justice contained in the writ that it was attached.[3]

4. INTOXICATING LIQUORS—SUFFICIENCY OF AFFIDAVIT TO AUTHORIZE SEARCH OF DWELLING.
    Allegation of facts in an affidavit for a warrant to search a private dwelling was sufficient under Act No. 336, Pub. Acts 1921, where its purport was that liquor was there kept and had been sold to the deponent on two occasions.[4]

5. CRIMINAL LAW—VENUE SUFFICIENTLY PROVEN.
    An objection that the venue was not proven, is sufficiently met by the testimony of a witness that "I was present on the occasion of the raid at the home of (defendant) in Lansing township."[5]

Exceptions before judgment from Ingham; Carr (Leland W.), J. Submitted January 15, 1925. (Docket No. 134.) Decided April 3, 1925.

Charles Ranes was convicted of violating the liquor law. Affirmed.

*Thomas A. Lawler* and *John F. Berry,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *Barnard Pierce,* Prosecuting Attorney, for the people.

FELLOWS, J. Defendant was convicted of a violation of the prohibition law and brings his case here

[2]Searches and Seizures, 35 Cyc. p. 1266 (1926 Anno); [3]Id., 35 Cyc. p. 1267 (1926 Anno); [4]Intoxicating Liquors, 33 C. J. § 371; [5]Criminal Law, 16 C. J. § 1572.
    230—Mich.—25.

on exceptions before sentence.   The evidence was obtained on a search of defendant's home based on a search warrant previously issued.   The testimony taken before the examining magistrate is returned together with that taken on the trial and all papers preliminary to the search and upon which the warrant was issued are a part of the record.   By motion to suppress the evidence made both before the magistrate and in the circuit, motion to quash the information, objection to testimony, motion in arrest of judgment and motion for a new trial, defendant's counsel had carefully preserved the rights of their client and here insist that the search warrant was invalidly issued and that the search was unjustified in the law.

The description of the premises in the affidavit is as follows:

* * * "a tar paper shack and garage located on the following described parcel of land, viz.: going out past old Duplex truck plant on Lansing-Eaton Rapids about one-half mile to a stucco store on corner, beyond store about one-half block to Holmes road, thence east about one-third to one-half mile, to said shack which is on the north side of said road and with garage attached to east side, situated in the township of Lansing, said county and State, and occupied by said Jack Ranes, et al."

The justice acquired or failed to acquire jurisdiction by this affidavit (*People* v. *Czckay,* 218 Mich. 660). The testimony taken before the magistrate and which was in part relied upon on the motion to suppress the evidence discloses that the Ranes home was a tar paper shack on the Holmes road which runs east from the Lansing-Eaton Rapids highway; that it is but a short distance outside the city limits of the city of Lansing; that it is in a locality where the houses are not numbered.   There is also testimony that there are other tar paper shacks in that locality but there

is no testimony that any of them have a garage attached on the east side.    We do not think it can be said that the description left any doubt as to the premises to be searched or that it gave any discretion to the officer as to where he might execute his writ. Technicalities of description as in a conveyance are not required.    We think the description sufficient under our holdings.    See *People* v. *Flemming*, 221 Mich. 609; *People* v. *Lienartowicz*, 225 Mich. 303; *People* v. *Urban*, 228 Mich. 30.

The writ commanded the officer to search the premises described "in affidavit hereto attached." The sheriff was unable to remember upon the examination whether he had the affidavit with him at the time of the search although he was sure he had the warrant.    His failure to remember one way or the other was not sufficient to dispute the certificate of the justice contained in the writ that it was attached.

In the affidavit it was alleged, among other things, that the dwelling house of defendant was a place where intoxicating liquor was sold and the facts supporting such allegation were stated as follows:

"Deponent went to said shack on the evening of said day and therein asked the said Jack Ranes to bring him one gallon of whisky and he said he would.    Deponent paid him $10.00 therefor.    Deponent says about two weeks ago he went to said shack and paid the same men the sum of $35.00 to bring him some whisky, when deponent was there on evening of August 2, the said man was furnished a drink of whisky from a jug."

It is insisted by defendant's counsel that this allegation is insufficient under the holding in *People* v. *Hertz*, 223 Mich. 170.    But we think the cases are clearly distinguishable.    In that case there was no allegation of facts showing either that the home was a place of public resort or used for the unlawful manufacture of intoxicating liquor or that it was used for the un-

lawful sale of intoxicating liquor as required by Act No. 336, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 7079 [30]).    While the affidavit here before us is crudely phrased, we are persuaded that its fair purport is that liquor was there kept and had been sold to the deponent on two occasions, one sale for $10 and the other for $35.    We think the affidavit was sufficient to give the justice jurisdiction to issue the writ.

It is also insisted that the venue was not proven. We think the testimony of the witness Cook, who says: "I was present on the occasion of the raid at the home of Charles Ranes in Lansing township," sufficiently meets this objection.    *People* v. *Rimkus*, 219 Mich. 550.

The exceptions will be overruled and the case remanded for sentence.

McDonald, C. J., and Clark, Bird, Sharpe, Moore, Steere, and Wiest, JJ., concurred.