PEOPLE *v.* ELY.

1. CRIMINAL LAW—VENUE—MOTION TO QUASH INFORMATION.
   The question of venue in a criminal case wherein defendant stands mute is properly raised by motion to quash the information both before trial and at the conclusion of the people's proof (3 Comp. Laws 1929, § 17259).

2. SAME—VENUE—EVIDENCE—PRELIMINARY EXAMINATION—TRIAL.
   Record in prosecution for rape disclosed sufficient evidence at preliminary examination to permit that it be found beyond a reasonable doubt that the alleged offense was committed in the county wherein defendant was prosecuted.

3. SAME—JURISDICTION—JUDICIAL NOTICE.
   Courts before whom prosecution of a crime is had may take judicial notice of the boundaries of the county within which they have jurisdiction.

4. SAME—INSTRUCTIONS—REQUEST TO CHARGE—VENUE—EVIDENCE.
   One who was charged with rape cannot complain that charge given as to venue was defective where there was adequate testimony before jury as to the matter and defendant did not present a specific request to charge relative to venue.

5. SAME—COLLATERAL MATTERS—CROSS-EXAMINATION—DISCRETION OF COURT.
   The discretion of a trial judge controls the nature and extent of the introduction of collateral matter upon cross-examination in a criminal case and will never be reviewed except in cases of abuse, and this will not be lightly inferred.

6. SAME—RAPE—CROSS-EXAMINATION.
   Claim of defendant that the cross-examination of certain of the people's witnesses in prosecution for rape was unduly restricted is not sustainable where record fails to disclose a single instance wherein the trial judge sustained an objection to a question propounded on cross-examination of the complaining witness and the other witnesses had no personal

knowledge of the time and place where the offense is alleged to have been committed and had not attempted to testify relative to anything except matters which were only somewhat remotely or indirectly connected with the real issue involved.

7. SAME—RAPE—CODEFENDANT'S STATEMENT TO POLICE.

Reception in evidence of statement to the police by codefendant in prosecution for rape, which appellant claims was not made in his presence and was not a part of the *res gestae*, did not constitute reversible error where such statement in no way contradicted but instead coincided with and tended to corroborate testimony of appellant who took witness stand in his own behalf.

8. RAPE—INSTRUCTIONS—CHARACTER OF COMPLAINING WITNESS—REQUEST TO CHARGE.

Claim that trial court did not correctly charge jury on question of bad character of complaining witness in prosecution for rape did not constitute error where trial court did charge that ''a woman may be of absolutely bad character and still be the subject of rape'' and a more amplified or specific request on such phase of the case was not presented by counsel.

9. SAME—SUFFICIENCY OF EVIDENCE.

Evidence in prosecution for rape was ample to present issue of fact for determination of jury as to guilt or innocence of appellant and to sustain its verdict of guilt.

Appeal from Genesee; Gadola (Paul V.), J. Submitted November 16, 1943. (Docket No. 80, Calendar No. 41,973.) Decided December 29, 1943. Rehearing denied February 24, 1944.

Ross Ely was convicted of rape. Affirmed.

*Joseph & Joseph* and *Cook & Stipes,* for appellant.

*Herbert J. Rushton,* Attorney General, *John L. Roach,* Prosecuting Attorney, and *Leon A. S. Seidel,* Assistant Prosecuting Attorney, for the people.

NORTH, J. Appellant, Ross Ely, and two others, John Anderson and Owen Rateau, as codefendants,

were convicted of having committed the crime of rape upon one Marjorie Atchison. Sentence was passed upon each of the three defendants. The defendant, Ross Ely, alone has appealed, leave having been granted.

About 8 o'clock in the evening of February 11, 1940, the three defendants while driving an automobile in the business section of Flint took the complaining witness, Marjorie Atchison, and another girl into the automobile. The party then drove to a cemetery which is either in or near the city of Flint and there the other girl left the car and returned to her home in Flint. From the cemetery the car was driven some distance from the city and finally brought to a stop in an open field. At this point the offense is alleged to have been committed under the following circumstances. The complaining witness and defendant Anderson were in the back seat of the car and the other two defendants were in the front seat. Defendant Anderson sought to have sexual intercourse with the complaining witness and in an effort to aid in accomplishing this purpose the other two defendants turned around in the front seat and each of them held one of the lower limbs of the complaining witness in such a position that the act of sexual intercourse was accomplished by Anderson. There is testimony by the complaining witness that she resisted to the extent of her ability and that incident to the occurrence her clothing in part was torn from her body and she was beaten and bruised. It is not claimed that appellant actually participated in an act of sexual intercourse with the complaining witness.

Defendant was a witness in his own behalf, and his testimony as well as that of his codefendants is that when the car was parked in the open field appellant and defendant Owen Rateau left the auto-

mobile and they denied participation in any assault upon the complaining witness. Anderson who remained in the car with the complaining witness testified that the intercourse which he had with the complaining witness was voluntary so far as she was concerned. It is unnecessary in passing upon this appeal to add other details of this sordid transaction.

Appellant first seeks reversal on the ground that neither in the testimony produced before the examining magistrate nor upon the trial in the circuit court was there testimony from which it could be found that the alleged offense was committed in the county of Genesee, and therefore it is urged that venue of the court was not established. On arraignment in circuit court appellant stood mute and the question of venue was properly raised by motion before trial to quash the information and again at the conclusion of the people's proof. 3 Comp. Laws 1929, § 17259 (Stat. Ann. § 28.985). Our review of this record satisfies us that both before the examining magistrate and on the trial in the circuit court there was testimony from which it could be found beyond a reasonable doubt that the alleged offense was committed in the county of Genesee. There is persuasive testimony as to the shortness of the time that it took to drive from the city of Flint to the place where the offense is claimed to have been committed, and also of the time required to return from that place to the city of Flint from which testimony it might well be concluded that the drive made by the parties did not extend beyond the county lines. In this connection it should be noted that each of the courts concerned in this prosecution could take judicial notice of the fact that the city of Flint is centrally located in that portion of Genesee county which is 24 miles square. In denying the

motion to quash, the circuit judge, as appears from the original record on file in this Court, said: "The court will take judicial notice that Sunset cemetery * * * is at last 10 miles to the nearest boundary line and more than 10 miles by any road, and that the Mayfair mentioned * * * is at least 15 miles in a straight line from the nearest boundary line of Genesee County and more than 15 miles by any road."

In the circuit court the complaining witness, with-, out objection, gave the following testimony:

"Q. Do you know whether the spot where this rape took place is inside of Genesee county?
"A. Yes; it was.
"Q. It was inside?
"A. Yes."

There was no direct testimony in conflict with that above quoted. Under the record there was sufficient testimony to justify denial of the motion to quash made before trial, and to justify the denial of appellant's motion at the conclusion of the people's proof. There was sufficient showing before the examining magistrate to justify binding the defendants over for trial; and on the trial of the case there was adequate testimony as to venue to justify submitting the case to the jury. Appellant did not present a specific request to charge relative to venue. He cannot now complain that the charge as given was defective in that particular.

Appellant urges as another reason in support of his appeal that his rights were prejudiced by the trial court's limitation of cross-examination. This complaint pertains to the cross-examination of the complaining witness, Marjorie Atchison, and of Betty Atwell and her mother, Myrtle Bailey. Betty Atwell was the girl who started on the automobile

trip with the complaining witness. She left the automobile and returned to her home before the others in the party reached the place where the offense was charged to have been committed. Neither Betty Atwell nor her mother, Myrtle Bailey, had any personal knowledge or attempted to testify relative to anything that occurred at the time and place where the complaining witness charged the offense was committed. Instead the testimony of these two witnesses pertained to matters which were only somewhat remotely or indirectly connected with the real issue involved. At most their testimony only aided in presenting some of the details of the picture preceding the committing of the offense charged or subsequent thereto. To a large extent the scope of the cross-examination of witnesses of this character is within the discretion of the trial court; and we find nothing in this record which would justify the conclusion that there was an abuse of such discretion on the part of the trial judge in the instant case.

"The discretion of a trial judge controls the nature and extent of the introduction of collateral matter upon cross-examination, and will never be reviewed, except in cases of abuse, and this will not be lightly inferred." *People* v. *McArron,* 121 Mich. 1, 36.

Insofar as appellant asserts there was an undue limitation of cross-examination of the complaining witness, the claim is entirely unjustified by the record. Careful review of the record fails to disclose a single instance wherein the trial judge sustained an objection to a question propounded on cross-examination to the complaining witness. Our conclusion is that the claim of error on the ground that cross-examination of the named witnesses was unduly restricted is not sustainable.

Another reason assigned in support of this appeal is that the court erroneously received in evidence a statement to the police of the codefendant Owen Rateau which statement, appellant asserts, was not made in his presence and was not a part of the *res gestae*. Regardless of whether this statement was admissible as against appellant, receiving it in evidence did not work prejudicial error to appellant because, so far as disclosed by the record, it in no way contradicted but instead it coincided with and tended to corroborate the testimony of appellant who took the witness stand in his own behalf.

The two remaining questions presented by appellant's brief are as follows:

1. Did the court correctly charge the jury on the question of the bad character of the complaining witness?

2. Was the case proven beyond a reasonable doubt?

Touching the first of these questions the court after instructing on like phases of the law applicable to the case, charged as follows: "Likewise, testimony has been given in regard to the character of the complaining witness in this case, as to truth and veracity. That is to be considered by you; however, I charge you that in this particular case, as in all cases of this nature, a woman may be of absolutely bad character and still be the subject of rape." A more amplified or specific request on this phase of the law was not presented by counsel; and under such circumstances the absence of a more detailed or amplified instruction does not constitute reversible error.

There is ample testimony in the record to present an issue of fact for determination by the jury as to the guilt or innocence of appellant; and the record before us is not such as to justify this Court in dis-

turbing the verdict rendered.   The conviction and judgment in the circuit court are affirmed.

BOYLES, C. J., and CHANDLER, STARR, WIEST, BUT-ZEL, BUSHNELL, and SHARPE, JJ., concurred.