PEOPLE *v.* GOLDSMITH

1. RAPE — EVIDENCE — EXHIBIT — AUTHENTICATION — SUFFICIENCY
   — ADMISSIBILITY.

   Rape complainant's testimony that writing impressions brought
   out by rubbing a soft lead pencil over the top sheet of two
   pages from a note pad found among defendant's possessions
   were in complainant's handwriting sufficiently authenticated
   that exhibit which was connected to the defendant by a police-
   woman's testimony that she had taken the ·pages from the
   top of a note pad found among defendant's possessions (MCLA
   § 750.520).

2. RAPE — EVIDENCE — EXHIBIT — ADMISSIBILITY — WEIGHT —
   SUFFICIENCY.

   Prosecution failure to produce a memorandum pad on which de-
   fendant had a rape complainant write her name and
   telephone number for a date the following evening merely cor-
   roborated defendant's contention that such a pad had never
   existed, and the admission therefore of two pages taken from
   a memorandum pad found among defendant's possessions was
   not of such an irregular nature as to deprive defendant of a
   fair and impartial trial since that exhibit and the testimony re-
   lating to the handwriting impressions on those pages went to
   the weight and sufficiency of the evidence (MCLA § 750.520).

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—REQUEST.

   An instruction informing the jury of the results of an examina-
   tion of defendant's property held at his place of confinement
   did not constitute the giving of testimony by the judge where
   defendant requested such an instruction and did not object
   to its contents when given.

REFERENCES FOR POINTS IN HEADNOTES     :
[1, 2] 29 Am Jur 2d, Evidence § 774.
[3] 53 Am Jur, Trial § 824 *et seq.*
[4] 5 Am Jur 2d, Appeal and Error § 545.

4. Appeal and Error—Trial—Objections—Preserving Question.
   Objections not raised during trial and not passed on by the trial
   court will not be considered on appeal.

Appeal from Recorder's Court of Detroit, Joseph
A. Gillis, J. Submitted Division 1 January 12, 1970,
at Detroit. (Docket No. 6,083.) Decided February
4, 1970. Leave to appeal denied June 30, 1970. 383
Mich 799.

Jessie Goldsmith was convicted by a jury of rape.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Terrance K. Boyle,* Assistant
Prosecuting Attorney, for the people.

*Ben Rosenthal,* for defendant on appeal.

Before: Danhof, P. J., and Fitzgerald and McGregor, JJ.

Fitzgerald, J. Defendant Jessie Goldsmith was
charged with having had carnal knowledge of a
female over the age of 16 years by force and against
her will, contrary to MCLA § 750.520 (Stat Ann
1954 Rev § 28.788). Defendant was tried by a jury
and found guilty of the crime for which he was
charged. On March 5, 1968, defendant was sentenced to serve 20 to 40 years in prison.

The rape allegedly occurred at approximately 10
p.m. on November 6, 1967, in the city of Detroit.
Testimony elicited from the complainant disclosed
that during the course of the crime, a date had
been made with defendant for the following evening
in the hope that police would then apprehend the

man. The complainant had written her name and
phone number on a note pad given her by defendant.
The following evening defendant failed to keep his
date with complainant at the prearranged time and
place. However, he did manage to telephone her
residence later that evening and a second appoint-
ment was arranged through a friend of the com-
plainant, who was present and answered the tele-
phone. The police were summoned and defendant
was arrested on Euclid and Second where he had
agreed to meet the complainant.

Shortly after defendant's arrest, the policewoman
assigned to the case removed from the property
room at the jail his envelope of personal possessions
and took the top two pages from a note pad. No
writing was visible, but an impression of writing
was brought out by rubbing a soft lead pencil over
the top sheet. During the trial, the policewoman
testified that she could make out certain letters and
numbers and the complainant testified that the im-
pression was in her handwriting. However, an
objection was raised by the defense to the admission
of the paper. Defendant's property envelope was
then obtained from the county jail, but no note pad
was found, although it was pointed out that several
items had been returned to defendant. The court
admitted the paper and the jury was allowed to
draw its own conclusions as to the writing on the
paper.

Two questions are raised on this appeal and both
concern people's exhibit 1 which consisted of the
two pages which were removed from a note pad.
The Court is asked to address itself to the issue of
whether people's exhibit 1 was insufficiently authen-
ticated as to render its admission into evidence
prejudicial error which resulted in a miscarriage
of justice.

It is the contention of defendant that he was tried under circumstances which deprived him of the guarantees provided by both the Federal and State constitutions when the exhibit in question was admitted over his objections. Defendant argues that the exhibit was never identified by any competent testimony which would connect it to him, nor was there testimony concerning the official character of the source of the exhibit. The people on the other hand contend that a sufficient authentication was shown once complainant testified that the exhibit contained her handwriting.

An examination of the record in the instant case indicates that before the exhibit was admitted into evidence, defendant made three requests to the court to inform the jury that no memo pad was found in defendant's property. The requested instruction was given and the exhibit was then admitted into evidence for whatever it was worth.

As mentioned, it is contended by the defense that the two papers were not sufficiently connected to the defendant. Defendant cites no case law nor does his argument lend credence to the position he would have us adopt. The police officer testified that she took the pages from a memo pad found in the envelope containing defendant's possessions and marked as having belonged to him. The court refused to allow the officer's testimony as to the words or letters on the note pad. The complainant in the instant case testified that she had written her name and phone number on a pad of paper which was given to her by defendant. Furthermore, she stated that it was her handwriting on the piece of paper. Hence, on the basis of the factors mentioned, *supra,* it would thus appear that the paper itself was sufficiently connected with defendant so as to render it

admissible. 1 Gillespie, Michigan Criminal Law and Procedure (2d ed), § 461.

We note that an examination of the envelope containing defendant's personal effects revealed that it contained no memo pad. The failure to produce the pad merely corroborated defendant's contention that the pad never existed. Therefore, admitting the papers into evidence was not error of a prejudicial nature. The exhibit, as well as related testimony, went to the weight and sufficiency of evidence to be considered by the jury. See *People* v. *Ely* (1943), 307 Mich 452, and *People* v. *McArron* (1899), 121 Mich 1.

The admission of the evidence in question in the instant case does not appear to be of such an irregular nature as would deprive defendant of a fair and impartial trial and should not serve as the basis of reversal. *People* v. *Mosley* (1953), 338 Mich 559; *People* v. *Pickett* (1954), 339 Mich 294.

We are also asked to consider whether the court committed prejudicial error by informing the jury of the results of an examination of defendant's property held at his place of confinement.

Defendant argues that the trial court's instruction was equivalent to the giving of testimony by the judge and as such constituted a deprivation of defendant's right to due process.

This Court cannot agree with defendant's contention, for defendant, by requesting such an instruction from the court is now precluded from raising error in the court's compliance.

On three separate occasions, the defense requested the court to acquaint the jury with the results of the examination of the property envelope. The court complied with defendant's request and an instruction was given. Objections were not raised to the particular instruction, for, as the record seems

to indicate, defendant was satisfied that the matter of the memo pad's existence was a question of fact which properly should be considered by the jury. We hold that the above allegation of error is easily resolved by application of 2 Gillespie, Michigan Criminal Law and Procedure, § 806, wherein it is stated:

"Objections not raised during the trial and not passed upon by the trial court will not be considered on appeal."

On the basis of a lack of timely objection and the probability that the instructions given by the judge were favorable to defendant, we see no merit to defendant's contention that prejudicial error was committed by the trial court in its instructions.

Affirmed.

All concurred.