PEOPLE *v.* SMITH

1. Criminal Law—Venue—Judicial Notice.

A court may take judicial notice of the locations of political subdivisions of the state, and venue may be established where the crime is shown to have been committed within a particular political subdivision even though no mention of the county was made.

2. Criminal Law—Venue—Preliminary Examination—Judicial Notice.

Trial court could take judicial notice that the City of Taylor is in Wayne County, and it was not error to deny defendant's motion to quash the information when the evidence at the preliminary examination indicated the offense took place in that city although no testimony was offered to establish venue by showing that the city was in Wayne County.

3. Burglary—Breaking and Entering—Intent—Evidence.

Evidence was sufficient to support a conviction of breaking and entering with intent to commit rape where the proofs established that defendant forced his way into complainant's home, struggled with her, forcibly disrobed her, forced her to lie on the bed, started to take off his pants, and, after the complainant pleaded with him, forced her to perform an act of *fellatio* (MCLA § 750.110).

Appeal from Wayne, Harry J. Dingeman, Jr., J. Submitted Division 1 November 5, 1970, at Detroit. (Docket No. 9215.)   Decided December 9, 1970.

References for Points in Headnotes
[1, 2]  30 Am Jur 2d, Evidence § 1131.
[3]  13 Am Jur 2d, Burglary § 45 *et seq.*

Roy Allen Smith was convicted of breaking and entering with intent to commit rape and gross indecency. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Wilfred C. Rice,* for defendant on appeal.

Before: Lesinski, C. J., and J. H. Gillis and Beasley,* JJ.

Per Curiam. After a nonjury trial, the trial court found defendant guilty of breaking and entering with intent to commit rape (MCLA § 750.110 [Stat Ann 1970 Cum Supp § 28.305]) and gross indecency (MCLA § 750.338b [Stat Ann 1954 Rev § 28.570(2)]).

The defendant contends that it was error to deny his motion to quash the information on the ground that the prosecution failed to prove venue in Wayne County at the preliminary examination.

At the preliminary examination the evidence indicated that the offense took place in Taylor. No testimony was offered to show that Taylor is in Wayne County. However, the trial court took judicial notice of the fact that Taylor is a city in Wayne County.

In general, a court may take judicial notice of the locations of political subdivisions of the state. For example, it has been held proper to take judicial notice that Detroit is in Wayne County. *Westlawn*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*Cemetery Ass'n* v. *Wayne Circuit Judge* (1927), 238 Mich 119.

The same ruling has been made where judicial notice was taken of the fact that Flint is located in Genesee County, *People* v. *Ely* (1943), 307 Mich 452.

Venue has been held to be established when the crime has been shown to have been committed in a township located within a particular county, even though no mention of the county was made. *People* v. *Ranes* (1925), 230 Mich 384; *People* v. *Rimkus* (1922), 219 Mich 550. These cases amply support the trial court's ruling.

The defendant also contends that there was not sufficient evidence to support the trial court's finding that defendant possessed the intent to rape. However, the record supports the finding that the defendant had an intent to rape. The defendant forced his way into a woman's home, struggled with her, forcibly disrobed her, forced her to lie on the bed and started to take off his pants. At this point she began to plead with him, saying that she had just had a baby and that he would kill her. After this he forced her to perform an act of *fellatio*. These facts fully support the trial court's finding that the defendant entered the home with an intent to commit rape.

Affirmed.